### ELLIS & LEWIS CO. et al. v. HOHIMER et al.

No. 22089. Opinion Filed July 7, 1931.

Rehearing Denied Sept. 15, 1931.

A. J. Follens and Clayton B. Pierce, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

CLARK, V. C. J. This is an original action filed in this court to review an award of the State Industrial Commission made and entered on the 20th day of January, 1931, wherein the State Industrial Commission awarded respondent E. Hohimer 100 weeks' compensation at the rate of $18 per week for the loss of the sight of the left eye.

Petitioners contend that the award is contrary to law; the said award was not supported by any evidence; that the findings of fact do not support the award; also allege there was error in the admission of certain evidence offered and admitted by the Industrial Commission.

The record discloses that respondent was erecting or building a concrete culvert on a highway job; said highway was being constructed by Ellis & Lewis; that one A. E. Bracken was building this culvert for so much per yard, and that Ellis & Lewis was furnishing the material and paying Bracken so much per yard to construct the culvert; that Bracken, as subcontractor of Ellis & Lewis, employed E. Hohimer to work on said construction job. He furnished some machinery, a concrete mixer, and was to be paid $10 per day, $7 of which was for labor performed.

Subdivision 1 of section 7285, Comp. Stat. 1921, as amended by chapter 61, sec. 3, Sess. L. 1923, provides in part as follows:

"The independent contractor shall at all times be liable for compensation due his direct employees, or the employees of any subcontractor of such independent contractor."

This record conclusively shows that Ellis & Lewis were the independent contractors, and respondent Hohimer was an employee of the subcontractor of Ellis & Lewis. This section of the statute makes the independent contractor and his insurance carrier directly liable for compensation due the employees of the subcontractor, Bracken.

Subdivision 2 of section 7285, supra, provides in part:

"The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims may be presented against all of such persons in one proceeding."

The record before us of the trial of this cause before the Industrial Commission nowhere discloses any attempt on the part of petitioners, and no request was made that the Industrial Commission find, that Bracken was primarily liable and Ellis & Lewis secondarily liable, and that contention is not made in the brief of petitioners.

Under the Compensation Law, Ellis & Lewis and Bracken were jointly and severally liable to respondent Hohimer. Petitioner having failed to ask for an award against Bracken, and having failed to make Bracken a party here, this court is not authorized to order an award against Bracken. Ellis & Lewis having complied with the industrial law by carrying insurance as required by this statute, the principal employer is not in this case.

The hazardous occupation was proven by competent evidence. The accident was proven, and resultant injury was proven. These are facts not denied.

The contention made by petitioners before the Industrial Commission that Bracken and Hohimer were partners, and as such were subcontractors, has no merit, and is not supported by any evidence in the record.

The findings of the Industrial Commission on these questions of fact will not be disturbed by this court where there is any competent evidence reasonably tending to support the same.

It is not disputed by petitioners that respondent Hohimer received an accidental injury, and at the time of receiving the same was engaged in a hazardous occupation which caused the loss of the left eye of respondent.

The record further discloses that Ellis & Lewis, petitioners, were constructing a highway and bridges thereon; that A. E. Bracken was a subcontractor of Ellis & Lewis; and that Hohimer was an employee of Bracken.

Employee's first notice of injury and claim for compensation is styled as follows:

"E. Hohimer v. Ellis & Lewis, Respondent, Southern Surety Co., Insurance Carrier."

Respondent below, petitioners herein, filed answer in said cause, which states that if claimant did sustain an injury on above date, as alleged, the accident did not arise out of and in the course of his employment with respondent Ellis & Lewis, but at the time of the said alleged accident the claimant was working as a subcontractor, and was not an employee of respondent.

At page 56 of the record, Mr. Follens, who appeared before the Industrial Commission in behalf of petitioners, stated:

"Our contention is he turned in this man's time along with the rest to Ellis & Lewis— it is our contention there was a partnership existing at that time."

It was the contention of respondents below, petitioners herein, that Bracken and Hohimer were partners and subcontractors of Ellis & Lewis. The record nowhere supports this contention, as the evidence is conclusive that Bracken made the contract with Ellis & Lewis to construct a culvert, and that Hohimer, respondent herein, was an employee of Bracken, a subcontractor of Ellis & Lewis. These questions were questions of fact found by the Industrial Commission against the contention of petitioners, and conclusively supported by the evidence in the record.

The statute fixes the liability of Ellis & Lewis, the independent contractor, to his direct employees, or the employees of any subcontractor of such independent contractor. Order and award of the Industrial Commission is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

RILEY, J. (dissenting). My view is that the award of the Commission should run not only against Ellis & Lewis and their insurance carrier, but also against A. E. Bracken, the immediate employer.