## HIGGINBOTHAM v. OKLAHOMA PORTLAND CEMENT CO. et al.

No. 23046. Opinion Filed March 8, 1932.

Carmon C. Harris, for petitioner.

Hatcher & Kice, for respondents.

McNEILL, J. This is an original action to review an order and decision of the State Industrial Commission made on the 17th day of October, 1931, denying the petitioner, Shelby Higginbotham, compensation for a personal injury which he claims to have received while in the employment of the respondent, Oklahoma Portland Cement Company, at Ada, Okla., on the 25th day of September, 1928.

The findings, of the Commission, numbered 1 and 2, are as follows:

"1. That between August 2, 1928, and September 28, 1928, while working on a clinker kiln furnace, claimant, Shelby Higginbotham, suffered heat exhaustion; that claimant continued to work from time to time; whereupon he was finally forced to quit work on account of his condition; that claimant is now temporarily totally disabled; that he was engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law; that respondent had actual notice of said injury; therefore, there was no prejudice by failure to give notice.

"2. That claimant's average daily wage at the time of the injury was $3.50."

The record shows that claimant commenced working for respondent in its cement plant at Ada, Okla., on May 11, 1928, and left the company on April 2, 1929. On September 25, 1928, claimant was overcome with excessive heat, or heat exhaustion, arising out of and in the course of his employment with respondent, while he was working in and around a kiln and blasting furnace. He lost about nine days of work at that time as a result of being exposed to this intense heat, and then returned to the plant, where he continued to work for respondent, at times doing work of a different character from the work which he performed at the time he was stricken. The Commission found that "he was finally forced to quit work on account of his condition."

It appears that claimant, as a result of his injury, or due to aggravation of his condition, by reason of being exposed to the excessive heat, suffers from a drawing of the nerves and muscles of the neck and shoulders, a sinusitis condition of the heart, and thermic fever, which he continued to have at the time of the hearing; that he was unable to walk a line, and that his mentality had to some extent become affected so that he did not have a normal mind. There is expert testimony that excessive heat injury affects the mind. There is no controversy as to the claimant being temporarily totally disabled.

The controversy centers on the question as to whether or not claimant is barred by section 7301, C. O. S. 1921. Claimant contends that he wrote a letter to the Commission and which was received by it on June 17, 1929, and that this constitutes employee's first notice of injury and claim for compensation, and not form No. 3 of the State Industrial Commission, which was subsequently filled out on March 18, 1931, and filed with the Commission March 19, 1931. The respondent contends to the contrary. The Commission on this question found against claimant and in favor of the respondent company, its finding No. 3 being as follows:

"3. That claimant filed no claim with the State Industrial Commission for the compensation within twelve months from date of injury; that by reason of claimant's failure to give notice, this Commission is without jurisdiction to hear and determine this matter.

"The Commission is of the opinion: By reason of the aforesaid facts, that claimant should be denied compensation for want of jurisdiction.

"It is therefore ordered: That claimant's claim be and the same is hereby denied for want of jurisdiction."

The letter above referred to is as follows:

"Ada, Oklahoma, May 28, 1929.
"Industrial Commission,
   "Oklahoma City, Okla.

"Dear Sirs: I want to file a claim against the Portland Cement Co. at Ada was hurt last year some time by the Portland Cement Co. am here in bad shape and can I get any money out of the state board, and also can I get any medical treatment. I was hurt on a furnace and my neck is stiff and my arm and shoulder pains me lots and I can't work. I hear that I could report to you and get a hearing and compensation, which I need very bad.

"Please give me a hearing so I can get some relief, and oblige,
         "Shelby T. Higginbotham."

This is marked "Received June 17, 1929, State Industrial Commission."

No prescribed form of pleading is required before the State Industrial Commission. This court, in the case of Steffins Ice Cream Co. v. Jarvis, 132 Okla. 300, 270 P. 1103, said:

"There is no particular form of pleading required to give the State Industrial Commission jurisdiction to hear and determine a claim for compensation. Anything filed with the Industrial Commission that challenges its attention, causes it to act, is sufficient to put in motion the process of the Industrial Commission to see that compensation is paid to injured employees. It was intended by the Legislature that the Industrial Commission should supervise and protect labor and compel industry to pay for the loss of man power occasioned by accidents arising in the particular industry."

The provision of the Workmen's Compensation Law which prescribes what shall be contained in the notice of an injury to the Commission and to the employer is found in section 7292, C. O. S. 1921, and is as follows:

"The notice shall be in writing, and contain the name and address of the employee, and state, in ordinary and concise language, the time, place, nature and cause of the injury, and be signed by him or by a person on his behalf. * * *

"The failure to give such notice, unless excused by the Commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

The primary purpose of requiring this notice is to acquaint the employer with the "name and address of the employee," "the time, place, nature and cause of the injury." The Commission in the instant case found:

"That respondent had actual notice of said injury; therefore, there was no prejudice by failure to give notice."

This finding is binding on this court if there is competent evidence to support the same. There is such evidence in the record. Does the letter substantially comply with said section 7292? If it does, claimant is not barred by aforesaid section 7301. As to the exact "time" of the injury, the statement is indefinite. However, the evidence shows that the claimant, at the time of writing the letter and at the time of the hearing before the Commission, could not give accurately the date of the accident, but in view of the fact that there is evidence that the respondent through its agents knew of the accident at, or approximately at, the time claimant received his injury, the exact date is not material. The letter shows it is from claimant, whose address is Ada, Okla., and that claimant wanted "to file a claim against the Portland Cement Company at Ada." The inference is that the injury occurred at Ada, Okla., while the claimant was an employee of respondent. The nature and cause of the injury are fairly well stated. Claimant makes a specific request for a hearing. He asks for relief. It is not disputed that claimant wrote the letter and that the same was received by the Commission. The question of whether said letter was sufficient compliance with said section 7292, so as to constitute a claim for compensation under the Workmen's Compensation Law, exclusive of the question of notice, which in the instant case the Commission found that the respondent had received, is a question of law. The letter in question was filed with the Commission within one year after the injury, and if it constitutes in this case a claim for compensation, then claimant is not barred by said section 7301. Although the Commission found that respondent had actual notice of the injury of claimant, yet the record shows that the respondent failed to file any report of the accident with the Commission.

In the case of Mauch v. Bennett & Brown

Lumber Co., 235 Mich. 496, 209 N. W. 586, in the syllabus it is said:

"2. Letter written by employee to employer, asking about compensation, and informing employer that he had frozen his foot in course of employment, and that his toe had been amputated, held a sufficient and unequivocal demand for compensation within Workmen's Compensation Act. pt. 2, sec. 15, as amended by Pub. Acts. 1919, No. 64."

"3. Accuracy and nicety of statements is not required imperatively in employee's notice to employer of injury, since importance of notice is that employer may have opportunity for investigation while facts are accessible."

In the case of Newhall Land & Farming Co. v. Industrial Acc. Commission (Cal.) 206 P. 769, in the second paragraph of the syllabus, it is said:

"An injured employee's letter to the Industrial Accident Commission stating that a case of aggravated hernia. developing from injury, required an operation, and asking the Commission to inquire into the matter of his injury, held, an 'application' within Workmen's Compensation, Insurance and Safety Act, sec. 17 (a), sufficient to avoid the limitation of six months prescribed by section 11, though not served on the insurance carrier, which was fully informed about the case and the application."

In Kansas an oral notice of the claim for compensation is sufficient, and in the case of Mortimer v. Edgar Zinc Co. (Kan.) 255 P. 35, the court said:

"Under the Workmen's Compensation Act (Rev. St. 44-501 to 44-547), a claim for compensation may be made orally in any language which constitutes a request for compensation, and may be made at any time within three months after the accident occurs."

And in the case of Eckl v. Sinclair Refining Co. (Kan.) 299 P. 588, the court in the first paragraph of the syllabus said:

"The written claim that is required by 44-520 a. Rev. St. Supp. 1930, to be served upon an employer before proceedings for compensation shall be maintainable is not. a formal notice, and it is sufficient if it advises the employer that the injured employee is claiming that he should be paid something as a result of the injury."

In the case of Weaver v. Shankin Walnut Co. (Kan.) 293 P. 950, the Supreme Court of Kansas held that a claimant's letter to the Industrial Commission asking for papers to fill out and the acknowledgment of the receipt of the same by the Commission constituted a filing a "written claim for compensation" within the statute of that state.

We are of the opinion that the letter of claimant when it was received by the Commission was sufficient to challenge the attention of the Commission and to invoke its jurisdiction, and that when it was received it constituted a filing of a claim for compensation under the Workmen's Compensation Law. The claim was not barred by section 7301, C. O. S. 1921.

The award is vacated, cause remanded. with directions to the Industrial Commission to enter an order not inconsistent with the views herein expressed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, and SWINDALL, JJ. concur. CULLISON and KORNEGAY. JJ. dissent. ANDREWS, J., absent.