## KERNS v. RENSHAW.

No. 21398.   Opinion Filed Feb. 7, 1933.

Rehearing Denied March 21, 1933.

Womack, Brown & Cund, for plaintiff in error.

Wilkinson & Wilkinson, for defendant in error.

BAYLESS, J. The parties to this appeal will be referred to herein as they appeared in the trial court.

N. M. Renshaw instituted an action in the district court of Stephens county against J. J. Kerns, A. V. Kerns, and V. G. Kerns, seeking to recover upon a promissory note signed by all of the defendants and containing the following words: "* * * after date we promise to pay. * * *" This note was dated December 12, 1922, was due October 15, 1923, and the action was instituted October 5, 1927. The summons was returned on the 17th day of October, 1927, which return was more or less ambiguous in that it contained a statement to the effect that all defendants in the action had been served. The case was heard on March 19, 1929, and the two defendants J. J. Kerns and A. V. Kerns appeared by their attorney and defended the action, but at such trial a judgment was rendered against all of the defendants.

On the 26th day of June, 1929, V. G.

Kerns filed a motion to vacate a judgment against him upon the ground that he had never been served with summons, nor had he entered his appearance in the case, and thereafter, on the 19th day of July, 1929, said motion was sustained and the judgment was vacated as to V. G. Kerns.

The plaintiff thereupon asked permission of the court to issue an alias summons to be served upon V. G. Kerns; permission was granted and V. G. Kerns was served with an alias summons on July 19, 1929. The defendant filed an answer raising several defenses, and upon the trial of the case judgment was rendered against him, from which judgment he institutes this appeal.

The only question presented involves an interpretation of section 103, O. S. 1931 (sec. 187, C. O. S. 1921), which statute reads as follows:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant, who is a joint contractor or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within 60 days."

The defendant says that he is only an accommodation maker, and that by reason thereof the provisions of the statute above quoted are not applicable to him, and he, therefore, contends that section 101, O. S. 1931 (sec. 185, C. O. S. 1921), is applicable.

We are, therefore, called upon to determine whether or not an accommodation maker or a surety is a joint contractor as contemplated by section 103, O. S. 1931. This court, in the case of Jens-Marie Oil Co. v. Rixse, 72 Okla. 93, 178 P. 658, defines a "joint contract" as follows:

"Elliott on Contracts, sec. 1470, defines a 'joint contract' to be one by which two or more promisors are jointly bound to fulfill its obligations. * * *"

In the case of Bowen v. Clarke, 25 Or. 592, 37 P. 74, this question was passed upon in the following language:

"We understand the rule to be that where two or more persons execute an instrument at the same time, upon the same consideration, and for the same purpose, they are all, in legal effect, joint contractors or ob-

ligors, so far as their liability to the other contracting party is concerned, although one may be designated therein as surety, and sign it as such. That one of the parties may have executed the instrument as surety is mere evidence of the position and relationship of the makers among themselves, and does not affect the joint nature of their obligation or the right to sue them jointly for a breach of the contract."

This definition is cited with approval in the later case of White v. Savage, 48 Or. 604, 87 P. 1040, wherein the court says further:

"* * * that the word 'surety,' written after the name of one of the makers of the note, would only show the relation of the makers to each other, and perhaps charge the holder with knowledge to that effect, but it would not affect their liability to him."

We, therefore, hold that V. G. Kerns was a joint contractor with the other makers of said note, even though, as shown by the testimony, he was an accommodation maker or a surety.

Section 103, O. S. 1931 (sec. 187, C. O. S. 1921), was adopted from Kansas, and the Supreme Court of the state of Kansas, in construing this particular section in the case of Barber Asphalt Paving Co. v. Botsford, 50 Kan. 331, 31 P. 1106, holds:

"* * * and that a service upon one of two codefendants who are united in interest is, so far as the limitation is concerned, deemed a commencement of a proceeding against both."

In the Kansas case above cited, the rule was based upon the reasoning contained in Buckingham v. Bank, 21 Ohio St. 131; Sidener v. Hawes, 37 Ohio St. 532, and other Ohio cases construing a similar statute. This court, in the cases of First Nat. Bank of Davidson v. Clingan, 26 Okla. 150, 109 P. 69, and Dr. Koch Vegetable Tea Co. v. Davis, 48 Okla. 14, 145 P. 337, quotes with approval the Kansas case above cited based upon the Ohio cases above referred to.

It will be noted that the Kansas case and the two Oklahoma cases above referred to deal only with the service of summons in error with reference to the commencement of proceeding in error.

In the case of Morrissey v. Hurst, 107 Okla. 1, 229 P. 431, this court again cited the Kansas and Ohio cases above referred to. However, it will be noted that in this case the court held that the maker of a note secured by a mortgage upon real

estate, and a subsequent purchaser of the mortgaged premises, who has assumed and agreed to pay the debt, are not joint contractors or otherwise united in interest within the meaning of section 103, O. S. 1931 (sec. 187, C. O. S. 1921), so that service on one of them constituted the commencement of an action as to all others. We agree with the ruling as set out in this case, but an examination of this case indicates clearly to our mind that if the defendants in this action had been joint contractors, or had they been united in interest, the service upon one codefendant would have been deemed a commencement of the action as to the others. Therefore, for the reasons hereinbefore set out, we find that, under the facts contained in this record, the defendant was a joint contractor, and that the said defendant was not entitled to avail himself of the defense of the statute of limitations.

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, OSBORN, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and McNEILL, J., absent.