C. E. MARTENSEN, EMPLOYEE, APPELLANT, v. SCHUTTE LUMBER COMPANY, A CORPORATION, EMPLOYER, AND EMPLOYERS' MUTUAL LIABILITY INSURANCE COMPANY, A CORPORATION, INSURER, RESPONDENTS.—162 S. W. (2d) 312.

Kansas City Court of Appeals.   May 25, 1942.

*Leo A. Spalding* and *I. Frank Rope* for appellant.

*Leo T. Schwartz* for respondent.

*T. A. Duckworth* of counsel.

BOYER, C.—This is an appeal from a judgment of the circuit court reversing a final award of the Workmen's Compensation Commission in favor of appellant and against respondents. The court found that the Commission acted without or in excess of its powers in making the final award against the Schutte Lumber Company and its insurer; that appellant did not file his claim against respondents within the time provided by law; that there was no evidence to support the Commission's finding that the amended claim was not barred by the Statute of Limitations; that the amendment was improper; that it was not an amendment but a new claim not filed in time, and the Commission lacked jurisdiction.

The assignments of error and the points briefed on appeal are that the court erred because: 1. The original claim for compensation was filed within time provided by law. 2. The statute was tolled by rendition of medical attention to the employee within the statutory period. 3. The finding of the Workmen's Compensation Commission was based on competent evidence and was conclusive on the circuit court.

The record discloses that appellant filed a claim before the Workmen's Compensation Commission November 25, 1938, against Victor Schutte as employer. The name of the insurer was said to be "unknown." June 13, 1938, is shown as the date of an accident at 1318 East 27th Street in Kansas City, Missouri. The manner and extent of the injury are described. The claim was set for hearing January 3, 1939, before a member of the Commission at Kansas City, at which time the Commissioner, upon request of counsel for appellant, permitted the filing of an amended claim which shows the employers to be Victor Schutte and Schutte Lumber Company, a corporation, and Employers' Mutual Liability Insurance Company as insurer. Counsel

for the Schutte Lumber Company and the insurance company made repeated objections to the filing or hearing of any claim against the lumber company and its insurer because any such claim was barred by the Statute of Limitations. If the claim was to be heard a continuance was requested. The Commissioner in charge permitted the filing of the amended claim and proceeded to take evidence upon said claim as amended with the understanding that the lumber company an its insurer might present evidence, if desired, at an adjourned hearing. Victor Schutte was represented by personal counsel. The lumber company and its insurer were represented by their counsel. The insurance company had received a notice to the effect that a claim was filed against Victor Schutte and that its name appeared as insurer for him. It is not explained how this occurred. An adjourned hearing was held January 31, 1939, and at the conclusion of all of the evidence the Commissioner found in favor of the employers and insurer and against the employee and awarded no compensation, and found that the amended claim was not filed within six months from the date of the accident. Upon review of this award by the full Commission it was reversed by two members of the Commission, the third member dissenting. Claimant was granted a temporary or partial award against the Schutte Lumber Company and its insurer, and it was provided that the claim should be reset for further hearing. The lumber company and the insurer were directed to pay for medical and hospital services "not furnished by employer and insurer." The findings of fact and rulings of law contain statements to the effect that Martensen was an employee of Schutte Lumber Company, a major employer, on June 12, 1938; that on said date he sustained an accidental injury arising out of and in the course of his employment; that employee's original claim was filed in time in accordance with Section 3337, Revised Statutes 1929, and that the amended claim, including both Victor Schutte and Schutte Lumber Company, a corporation, filed January 3, 1939, was not barred by the Statute of Limitations. The company did not comply with the temporary award. There was a hearing on final award held September 6, 1939. A final award and a corrected final award in favor of claimant and against Schutte Lumber Company and its insurer were entered, in which corrected award the alleged employee was granted $13.08 per week for 86 weeks for temporary total disability, and in addition thereto the lumber company and its insurer were ordered to pay medical and hospital bills in the following language:

"Employer and insurer are liable for and are hereby ordered to pay direct to Dr. Ralph Myers the sum of $331, same being the reasonable value of necessary medical services rendered by him to employee and not furnished by said employer and insurer. Employer and insurer are also ordered to pay direct to Research Hospital the sum of $376.50 for necessary hospital treatment not furnished by them to employee."

The findings of fact accompanying the final award and the corrected award show the date of the accident as June 12 instead of June 13, 1938; that claimant was in the employment of the lumber company; that the accident arose out of and in the course of the employment; that the original claim for compensation against Victor Schutte was filed in time; that the amended claim was not barred by the Statute of Limitations, and that there was no liability on the part of Victor Schutte as an individual. In the findings, under the caption "Compensation Payable," is the following item: "21. Value necessary medical aid not furnished by employer or insurer $707.50."

Appellant testified that his occupation was that of maintenance man, doing general maintenance work; that in years past he had worked for the Schutte Lumber Company; that he had done maintenance work in the yard and outside, and took his orders from Mr. Victor Schutte; that he worked about two years and was re-employed about four years prior to the accident; that Mr. Schutte employed him and gave him orders as to what to do; that he also took orders from foremen or other agents about the yard and did work in the yard and maintenance work on the outside when directed; that he also took orders from a Mr. Meredith, who was agent for various buildings on which he was directed to work in making repairs; that he reported to the office every morning and was told what to do; that he was injured June 13, 1938, while working at a building at 1318 East 27th Street; that Mr. Victor Schutte had sent him there to open windows and to repair a screen door; that he was directed to procure a ladder at that house for use in the work; that he obtained a five-foot stepladder and was standing on top of it on the outside of the building, endeavoring to open a window, when he fell and broke his left leg just about the ankle; that he was sent to Research Hospital; that Dr. Ralph Myers treated him; that he did not call the doctor; that he was in the hospital about ninety days and received a bill from the hospital for $376.50. He further testified that he had not been paid any compensation, and that he had sustained a previous injury for which no compensation had been paid.

On cross-examination appellant testified that he kept a time book for each week showing the address of each place where he worked and the amount of time expended; that he did not know the owners of all the buildings on which he worked, but did know that Mr. Victor Schutte owned the apartment building at 1316-18 East 27th Street, the place where he was injured; that he had worked there several times before; that he received his pay from the cashier of the Schutte Lumber Company; that he would keep track of the hours and the places where he worked and Mr. Schutte would make out slips for them; that the cashier would have him sign the slips and then pay him. Witness identified a number of such slips and his signature thereon.

Other witnesses testified to appellant's part time work in the lumber yard, and that at other times he was out working for Mr. Schutte.

Dr. Ralph Myers testified that he treated appellant for his injury; that he was called in on the case by the hospital authorities; that he did not know why he was called instead of some other doctor, but that he had previously treated appellant for another injury; that appellant had remained under his treatment until about three weeks before the first hearing. The following question and answer appear: "Q. And doctor, are you the doctor for the Schutte Lumber Company? A. That's right." The doctor had not rendered a bill and had not been paid by anyone. The reasonable value of his services was shown to be $331.

Victor Schutte testified that he was president of the Schutte Lumber Company and of the Schutte Investment Company; that he and two brothers owned the lumber company and that he, his brothers and a sister owned the investment company; that he, the investment company, his brothers, sister, and mother each owned individually many pieces of business and residential property; that he owned the building No. 1316-18 East 27th Street, where appellant was injured; that they were required to have and did have a maintenance man to look after repairs upon all of said buildings; that he employed appellant who was under his direction and control as the maintenance man for himself, the investment company, and the other individual owners; that appellant was employed individually by him representing the owners of all the properties; that at times appellant did not have enough maintenance work to keep him busy and was occasionally given employment in the lumber yard; that he devoted about 90% of his working time to maintenance of buildings and about 10% in work for the lumber company; that appellant did work on buildings owned by the investment company, on buildings owned individually by all the members of his family, as well as work for some of the other men in the office; that as a matter of convenience, rental and expense accounts for all of the interested parties were kept at the office of the lumber company; that when work was done upon any building by appellant the amount of the charge therefor would be reported to the office; that appellant would be paid for it and the amount charged to the owner of the building; that at the end of each week he would go over the time book with appellant and prepare slips or tickets on a printed form, giving the number and location of the building where work had been done and the amount due for such work. The slips were O.K.'d by Mr. Schutte and signed by appellant when presented to the cashier of the lumber company who would pay him the amount shown by his various slips for services during the work, designating on the slip the owner of the property which had been served, and charge the amount to the owner. A large number of such slips were offered in evidence and appellant admitted signing them.

On October 21, 1938, appellant filed suit in the Circuit Court of Jackson County against Victor Schutte, and in the petition alleged

that the defendant owned a certain apartment building at 1318 East 27th Street in Kansas City; that on the 13th day of June, 1938, plaintiff was working for defendant at said building, and due to the carelessness and negligence of defendant he received injuries for which he demanded $7500. Summons was duly issued and served upon Victor Schutte and the case was still pending at the time of the hearing before the Compensation Commission.

It was admitted that plaintiff had sustained an injury on June 13, 1938; that the Schutte Lumber Company was a major employer, and that the insurance company carried its compensation liability insurance. Victor Schutte had filed answer to the original claim before the Commission in which he stated that he was not subject to the compensation law, nor did he carry any insurance; that a suit by the employee was pending against him in the Circuit Court of Jackson County for damages as a result of the accident described, and denied generally the allegations of the claim.

Was the claim against Schutte Lumber Company, a corporation, and its insurer filed in time? Section 3727, Revised Statutes 1939, of the Workmen's Compensation Law, provides in part that:

"No proceedings for compensation under this chapter shall be maintained unless a claim therefor be filed with the commission within six months after the injury or death, or in case payments have been made on account of the injury or death, within six months from the date of the last payment. In all other respects such limitations shall be governed by the law of civil actions other than for the recovery of real property. . . ."

The requirement for the filing of a claim within the time specified is mandatory and jurisdictional. It is a condition precedent to the right of a claimant to seek a remedy under the compensation law and requisite for competent jurisdiction of the commission to hear the claim. [Higgins v. Heine Boiler Co., 328 Mo. 493, 506.]

In reference to the right of an employee to amend a claim and bring in an additional party, such as was done in this case, appellant says: "There is no precedent established in this State on an amendment similar to the one in this case." He then relies upon a liberal construction of the act as authority for the amendment and of the proceeding against the lumber company. A liberal construction in order to effectuate the purposes of the law cannot be indulged to the extent of changing the law. It would be a plain violation of the statute to hold that a claim could be prosecuted before the Commission when it was not filed as the statute requires. It appears to be the idea of appellant's counsel that inasmuch as the original claim against Victor Schutte was filed in time said claim was subject to amendment by bringing in the corporation as an additional party after the limitation period had run, and that the amendment could be related to the filing of the original claim. It does not appear how such procedure

could be justified and meet the requirement of the statute for the filing of a claim against an alleged employer in the time and manner required. No proceeding can be maintained against an individual or corporation until a claim *in writing* is filed. [Murphy v. Overall Co., 225 Mo. App. 866, 869, 34 S. W. (2d) 1035.] The Schutte Lumber Company is a separate and distinct corporate entity. Victor Schutte is an individual. The filing of a claim against one is in no rational sense the filing of a claim against the other. The fact that the officers and agents of the corporation had knowledge of the injury and of the claim made against Victor Schutte could in no way dispense with the necessity of the timely filing of a claim against the corporation in order to invoke the jurisdiction of the Commission.

The limitation statute quoted above requiring the filing of a claim in a specified time after the injury, or after payment on account of the injury, also provides that "in all other respects such limitations shall be governed by the law of civil actions other than for the recovery of real property." In civil procedure where a new party defendant is brought into the case by amendment the Statute of Limitations continues to run until he is made a party and the action is commenced against him. The established and recognized rule is that, if between the time of the commencement of an action and the time when a new defendant is brought into the case the period of limitation prescribed by law for such action has expired, the new party may plead the statute in bar of his liability although the defense may not have been available to the original defendant. [Haney v. Thompson et al., 339 Mo. 505, 98 S. W. (2d) 639, 641, and cases cited.]

The claim against the lumber company and its insurer was filed more than six months after the injury and was clearly barred by limitation unless payment was made by one of them on account of the injury within the six months' period before the claim was filed. Medical attention rendered an injured employee by his employer is "payment on account of the injury" within the meaning of the statute. [McEnemy v. S. S. Kresge Co., 333 Mo. 817, 62 S. W. (2d) 1067.] If an injured employee is entitled to compensation he is also entitled to medical treatment, within allowable limits, as a part of such compensation. [Sec. 3701, R. S. 1939.] If the lumber company or its insurer authorized or furnished medical aid in this case the Statute of Limitations would not begin to run in their favor until the cessation of such service. The medical service of Dr. Myers continued from the time of the injury to within a few weeks of the hearing on the amended claim. In its findings of fact the Commission stated that the amended claim was not barred by the Statute of Limitations. Of course, this is a conclusion of law and not a finding of fact. There is nothing in the record that would indicate why the Commission reached this conclusion. There is no finding that respondents furnished medical attention, but there is a finding to the contrary. It

may be inferred the Commission was of opinion, as appellant contends, that inasmuch as the original claim was timely, an amendment was permissible and should be given effect as of the date of the original filing; or it might be inferred that the majority of the Commission was of opinion that the lumber company or its insurer furnished medical service which tolled the statute, if it were not for the fact that they expressly found, both in the award and the findings attached, that medical aid was not furnished by the employer or insurer. The findings and the award of the Commission are wholly inconsistent. On this record the only conceivable theory upon which the claim against the lumber company and its insurer could be kept alive until the filing of the amended claim was the furnishing of medical aid. The Commission found that medical aid had not been furnished by them, but that they were liable therefor as a part of compensation payable. There is no maxim, principle or substance in jurisprudence that would grease the Commission's joint of inconsistency so that it could be manipulated in a manner to validate the award. A finding of facts inconsistent with the award defeats the award. Such is the rule in compensation cases. [State ex rel. Buttiger v. Haid et al., 330 Mo. 1030, 51 S. W. (2d) 1008, 1010; Buchanan v. Nicozisis et al., 78 S. W. (2d) 492, 494; 71 C. J. 1179, secs. 1064, 1066.] The same rule is applied to a court judgment. [Bondurant v. Raven Coal Co., 25 S. W. (2d) 566, 572.]

In addition to the above, the facts testified to by appellant and other unchallenged proof in this case show that appellant at the time of his injury was engaged in work on a building owned by Victor Schutte and was working for him; that he was not at that time working for the Schutte Lumber Company, and that his injury did not arise out of or in the course of any employment for the Schutte Lumber Company. There is no evidence to support the finding of the Commission to the contrary. The Commission acted in excess of its powers; the facts found by the Commission do not support the award; and there was not sufficient competent evidence in the record to warrant the making of the award. [Sec. 3732, R. S. 1939.] The result is that the learned trial judge of the circuit court was right in his conclusion that the claim against respondents was not filed in time; that the Commission lacked jurisdiction, and that its award should be reversed. The judgment of the circuit court should be affirmed. The Commissioner so recommends. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.