LANE CONSTRUCTION & PLUMBING COMPANY and M. F. A. Insurance Company, Petitioners,

v.

Hester K. GREEN and State Industrial Court, Respondents.

No. 42969.

Supreme Court of Oklahoma.

March 18, 1969.

Joseph A. Sharp, Joseph F. Glass, Best, Sharp, Thomas & Glass, Tulsa, for petitioners.

Marx Childers, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

DAVISON, Justice.

There is involved here for review an order of the State Industrial Court, sitting en banc, affirming an award of the trial court allowing the respondent, Hester K. Green, claimant below, compensation benefits under the provisions of the Workmen's Compensation Act. Claimant will be referred to as claimant, the respondent Harrell O. Burns as respondent Burns or "Burns," the respondent Lane Construction & Plumbing Supply Company as respondent Lane or "Lane," this being the relationship the parties bore to each other in the trial court.

Respondent Lane on September 16, 1966, was engaged in the building of a service station for Kerr-McGee Corporation near Sallisaw, Oklahoma. MFA Mutual Insurance Company carried a Workmen's Compensation Insurance Policy covering the operations of Lane. In connection with the building operations it was necessary for Lane to lift a gasoline tank and lower it into an excavation. He made an oral contract with respondent Burns to use his

truck and crew in lowering the tank. Burns carried no Workmen's Compensation covering his employees. Claimant was employed by Burns. During the lowering operations claimant fell from the truck and sustained serious injuries. Claimant was confined in a hospital for several weeks. About a month after the accident Burns paid a portion of claimant's hospital bill.

Lane was present on the job at the time the accident occurred and saw the accident. He knew about claimant being transported in an ambulance to a hospital and made no objection to such procedure.

The accident occurred on September 16, 1966. Claimant filed his form 3 notice as required by 85 O.S.1961, § 24, in the office of the State Industrial Court on January 6, 1967, naming only Harrell O. Burns as his employer and asserted "No Ins. Listed." He filed his amended form 3 on September 18, 1967, listing as his employers Harrell O. Burns and Lane Construction & Plumbing Supply Company. MFA Mutual Insurance Company is listed as the insurance carrier of Lane.

The State Industrial Court, sitting en banc, on April 1, 1968, entered an order affirming an award entered by the trial judge entered on March 1, 1968. The award allows the claimant partial permanent compensation, plus medical expenses, and holds the respondent Lane and his insurance carrier, MFA Mutual Insurance Company secondarily liable for the payment of the award. No appeal is prosecuted by the respondent Burns. The amount of the award is not contested. This appeal is prosecuted solely by the respondent Lane and his insurance carrier, MFA Mutual Insurance Company.

In their brief they urge and present for review the sole contention that the asserted claim of the claimant against Lane and his insurance carrier is barred by the one year statute of limitations.

85 O.S.1961, § 43, reads in part as follows:

"The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury or death a claim for compensation thereunder shall be filed with the Commission. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation."

The claim of an injured workman before the State Industrial Court is commenced by the filing of written notice of his claim in the office of the State Industrial Court within thirty days after the occurrence of the accident. 85 O.S.1961, § 24, reads in part as follows:

"Notice of an injury or death for which compensation is payable under this Act shall be given to the Commission and to the employer within thirty (30) days after the injury and also in case of death. Such notice may be given by any person claiming to be entitled to compensation, or by some one in his behalf. The notice shall be in writing, and contain the name and address of the employee or dependents, and state in ordinary language, the time, place, nature and cause of the injury or death, and be signed by him or by a person in his behalf. It shall be given to the Commission by sending it by mail, by registered letter, addressed to the Commission at its office. It shall be given to the employer by delivering it to him or sending it by mail, by registered letter, addressed to the employer at his or its last known place of residence; * * *."

The primary contractor and his insurance carrier are directly liable for the payment of compensation to the injured employee if they fail to require compliance with the provisions of the Workmen's Compensation Act by the subcontractor in providing workmen's compensation for his employees. 85 O.S.1961, § 11, reads in part as follows:

"* * * The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of

such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all such employees. * * *

" * * * If it shall be made to appear in such proceeding that the principal employer has failed to require a compliance with this Act by his independent contractor then such principal employer shall be liable for all such injuries to employees of his independent contractor, or the subcontractor of such independent contractor. * * *"

We have held that where the principal contractor fails to require the subcontractor to provide workmen's compensation insurance for his employees, an injured employee may prosecute his claim solely and directly against the principal contractor and his insurance carrier without regard to liability against the subcontractor. Herron Lumber Company v. Horn, Okl., 446 P.2d 53; Dierks Forests, Inc. v. Parnell, Okl., 331 P.2d 392.

Under the provisions of § 24, supra, claimant is required to serve notice on his employer by registered mail. If he is working for a sub or intermediate contractor he is not required to serve notice on the principal contractor or the party having the work done.

The question of whether or not the claimant was required to serve notice of his injury upon the principal contractor or his insurance carrier is apparently new in this jurisdiction. Such notice is not required by either § 24 or § 11, supra.

Authorities from other jurisdictions hold that such notice is not necessary. An independent research has not disclosed other jurisdictions holding to the contrary.

In 100 C.J.S. Workmen's Compensation § 447, p. 319 the rule is stated:

" * * * Where the act makes one employing a contractor liable for injuries to employees of such contractor on the failure of the contractor to insure the liability, no notice other than that to

the contractor who is actually the employer is required. * * *"

The author cites two cases, National Alliance of Bohemian Catholics v. State Industrial Commission, 364 Ill. 249, 4 N.E. 2d 362; Hollingsworth v. Crossett Lumber Co., 184 La. 6, 165 So. 311, which fully sustain the text statement.

In the Illinois case the court said:

"Provision of Workmen's Compensation Act that owner is liable as employer where independent contractor carries no insurance against liability for compensation to employees makes owners employers, and gives them right of action against contractors to recoup money they are required to pay for compensation to employees of uninsured contractors, and hence notice of employee's injury to such uninsured contractor would constitute notice to owner."

In the Louisiana case the court said:

" * * * The statutory requirement is for notice to the employer, not for notice to the principal, where the workman is employed by a contractor."

In the case of Stewart v. Industrial Commission, Colo., 428 P.2d 367, claimant Brown was employed by one McCrea to demolish some buildings, for Stewart and certain other landowners. The landowners did not require the contractor McCrea to comply with the Colorado Statute with reference to carrying workmen's compensation insurance on his employees. The Colorado Statute required an injured employee to notify his employer within two days after the accident. Claimant Brown gave the proper notice to his employer McCrea but not to the landowners. The provisions of the Colorado Statute with reference to the liability of landowners for failure to require the contractor McCrea to carry workmen's compensation insurance on his employees are practically the same as the Oklahoma Statutes. Later it was discovered that McCrea carried no workmen's compensation insurance and the landowners were made parties to the proceedings.

An award was entered against the employer McCrea and the landowners. The landowners prosecuted an appeal contending that the award was void because of the failure of the claimant to furnish them notice within two days after the accident occurred. The Supreme Court of Colorado affirmed the award against the landowners stating:

"We hold that this statute did not require claimant to give notice to the *landowners* within two days from the time of the accident. McCrea was claimant's employer at the time of the accident, and remained so even though he had no insurance, and was in actual charge of the demolition job. Actual notice to McCrea was sufficient, therefore, to comply with the statute at the time of the accident.

"In addition, claimant joined the landowners as soon as it became clear that McCrea was uninsured. It was certainly not incumbent upon claimant to assume from the beginning that the landowners had failed to fulfill their statutory duty to insure the job themselves or. to require McCrea to do so. If McCrea had complied with the statutory insurance requirements, the landowners would not have been liable for claimant's injuries and it would not have been proper or necessary to join them as respondents. It was only when the absence of insurance was demonstrated that the landowners' statutory liability came into effect and at that point they were entitled to notice. They received actual notice as soon as the Referee determined that McCrea had no insurance and that joinder of the landowners was therefore proper."

■ Under the provisions of 85 O.S. 1961, § 24, the claimant was not required to serve written notice upon respondent Lane and his insurance carrier within thirty days after the accident occurred. Notice served upon his employer Burns was sufficient.

Respondent Lane had actual knowledge of the occurrence of the accident. He saw the accident and witnessed the claimant being transported by ambulance to the hospital.

About a month after the accident occurred claimant's employer Burns paid a portion of the medical expenses incurred in treating claimant. We have held that the one year statute of limitations (§ 43, supra) is tolled during the period of time the employer voluntarily furnishes medical treatment. United States Gypsum Company v. Rauh, Okl., 318 P.2d 864; Domestic Laundry & Dry Cleaning Co. v. Weston, 200 Okl. 13, 190 P.2d 460.

Claimant's apparent first knowledge of his employer Burns being without insurance coverage was when he filed his form 3 on January 6, 1967.

■ Within a period of one year thereafter on September 13, 1967, he notified the respondent Lane and his insurance carrier by filing an amended form 3. The fundamental purpose of notice is to "put party on guard" and afford him an opportunity to protect his interests. Jack Bell Lumber Co. v. Will, Okl., 383 P.2d 691. After the amended form 3 was filed the respondent Lane and his insurance carrier, on September 28, 1967, filed their answer in the case. At the time of the trial of the case on November 14, 1967, respondent Lane appeared in person and both Lane and his insurance carrier were represented by counsel. Respondent was "put on guard" and a full opportunity was afforded both respondent and his insurance carrier to protect their interests. The provisions of § 43, supra, were tolled until after the discovery of lack of insurance on the part of Burns.

■ The claim of the claimant against respondent Lane Construction & Plumbing Company and MFA Mutual Insurance Company was not barred by the one year statute of limitation. 85 O.S.1961, § 43.

The award of the State Industrial Court is supported by reasonable competent evi-

dence and is in accord with well recognized legal principles.

Award sustained.

IRWIN, C. J., BERRY, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, HODGES, and McINERNEY, JJ., concur.

LAVENDER, J., dissents.