WILSEY, BENNETT CO., a California Corporation and Industrial Indemnity Insurance Company, Petitioners,

v.

Gerald GRANT and Paul Hughes Trucking Co., Respondents.

Paul HUGHES d/b/a Paul Hughes Trucking Co., and Wilsey, Bennett Company, a California Corporation, and Industrial Indemnity Insurance Company, Petitioners,

v.

FIRST NATIONAL BANK OF BELLE-VILLE, Administrator, Respondent.

Nos. 53808, 55115.

Supreme Court of Oklahoma.

June 9, 1981.

Rehearing Denied Aug. 14, 1981.

---

4. 12 O.S.1971 § 23.

Pierce, Couch, Hendrickson, Johnston & Baysinger by Barbara M. Tracy and James B. Durant, Oklahoma City, for petitioners.

Harley E. Venters, Horning, Johnson & Grove by Kent S. Johnson, Oklahoma City, for respondents.

OPALA, Justice:

The dispositive issue before us is whether the one-year statute of limitations prescribed by 85 O.S.1971 § 43 [1] is arrested, as against a secondarily liable principal (statutory) employer, by the timely filing of a claim against an uninsured immediate employer who is primarily responsible for payment of compensation. We grant certiorari and hold that a timely-filed claim will not operate to commence a compensation proceeding against a party-respondent so deficiently named on the claim form as to prevent the trial tribunal's staff from sending notice of its filing to the *right* entity.

A truck driver was killed and her co-driver injured in a highway accident. Two separate claim forms were timely filed [2] in the proper forum naming as parties-respondent both the immediate employer and some incorporated Oklahoma entity mistakenly believed to be the principal employer. The Oklahoma entity's answer revealed that neither it nor its insurance carrier was the correctly named party-respondent in the cases. Amended claim forms—filed after the limitations period had run—named as the principal employer a California corporation and listed its insurer—an entity different from the carrier of the originally misnamed Oklahoma respondent.[3] It is undisputed that the two successively named principal employers and their two different insurers were all distinct and separate bodies corporate.[4] Neither employer entity was a subsidiary or alter-ego of the other. Nor was either of the two different insurers for these corporations a subsidiary or alter-ego of the other. The trial judge held the claims were barred as against the principal

employer. The en banc panel reversed this decision. It ruled that because the immediate employer had no insurance the principal employer was secondarily liable. Each claimant was awarded compensation. On appeal by the principal employer the two cases were consolidated for disposition. The Court of Appeals affirmed the en banc panel's decision, holding that the timely filing of a claim against the uninsured immediate employer operated to arrest the limitation period both as to the immediate and the statutory (principal) employer.

The Court of Appeals' decision under review here is clearly predicated on the authority of *Lane Construction & Plumbing Co. v. Green.*[5] That case appears to rest on the notion that parties-respondent in a compensation proceeding stand identified by operation of law. Implicit in it is an assumption that the choice of adversaries is accomplished automatically as a result of one's employer status *vis-a-vis* the injured worker at the time of injury rather than by a conscious act of the claimant timely identifying on the face of his claim form those who are legally responsible to protect him. We must reject the notion that the parties liable for compensation—no matter how deficiently identified on the timely filed claim form—are amenable to some automatically imposable joinder as litigants in a compensation claim. So far as *Lane* may be in conflict with this pronouncement, it is to be treated as withdrawn.[6]

The clear language of § 43 prescribes but a *single one-year* time limit for filing a claim against *any* person liable for compensation. The statute makes *no* distinction between those who bear primary liability

1. Unless indicated otherwise, all citations are to sections which were in effect at the time of the accident and all section references are to Title 85.

2. The accident occurred August 14, 1973. The claim forms were filed August 12, 1974.

3. The Oklahoma and California entities had similar names and were at one time wholly owned subsidiaries of another corporation. *That legal relationship was not in existence at the time of the accident in suit.*

4. Both claimants *stipulated* that the misnamed Oklahoma corporation was not the principal employer.

5. Okl., 451 P.2d 947 [1969].

6. In *Lane* we held that the § 43 limitation period does not begin to run against the principal employer—the statutory employer under 85 O.S.1971 § 11—until the claimant has discovered that the immediate employer is uninsured. The principal employer's liability was said not to be established until that discovery is made.

and those who may he held secondarily liable. *Lane* alters that legislative norm by postponing the point at which a claim against the principal employer accrues to the "discovery" of the immediate employer's uninsured status. The result of this rule is that the § 43 limitations period may be tolled *vis-a-vis* the principal employer over a span that is clearly open-ended. This is so because *Lane* sets no outer limit for a claimant's freedom to make the discovery that triggers the § 43 one-year period.

The fundamental purpose of the applicable time limits in § 43 is the same as in any other limitations statute. It is to protect a litigant from the unexpected enforcement of stale claims too old to be successfully investigated and defended.[7] In civil actions, a party, who is sought to be brought into the case by amendment filed after the limitations period had run, may plead the statute in bar of his liability.[8] There is *no* warrant in statutory or case law for a different rule to be applied to compensation cases under § 43. The statutory time bar afforded an employer in compensation cases is no less substantial than that which is available to a defendant in ordinary actions at law or in equity suits. The purpose of compensation laws is to provide not only a remedy for injured workers that is both expeditious and independent of fault concept but also to afford employers a limited and determinate[9] liability.

Since there is nothing in the compensation laws which alters the incidence of statutory limitations *vis-a-vis* the liability imposable on a principal employer, the § 43 time bar must be viewed as being co-extensive with that which runs against the immediate employer. Courts are powerless to prescribe exceptions to limitations for which a clear or explicit provision is made by the legislature.[10]

In some compensation proceedings more than one employer may be held liable for the same injuries sustained by a worker. This is true in cases in which there is both a general and special "master" and in those, like this one, where the law recognizes two employers, immediate and principal. The immediate employer bears primary responsibility, and the principal employer's liability is secondary.[11] While we frequently make mention of primary and secondary liability for joinder purposes, we treat the two classes of statutorily liable obligors as substantially in the same category as are defendants in a tort case at common law.[12] A claimant is free to pursue his compensation remedy against all, or any one of, the multiple entities statutorily responsible for payment of his compensation.[13] It is *he* to whom the court looks to choose the combatants against whom the demands will be pressed. Neither in tort nor in compensation claims is an adversary thrust upon the claimant by operation of law.[14] In short,

7. *Special Indemnity Fund v. Barnes*, Okl., 434 P.2d 218, 220–221 [1967].

8. *Seitz v. Jones*, Okl., 370 P.2d 300, 302 [1962]; *Lake v. Lietch*, Okl., 550 P.2d 935, 937 [1976]; *Cummings v. Board of Education of Oklahoma City*, 190 Okl. 533, 125 P.2d 989, 993 [1942].

9. *Bradford Electric Light Co. v. Clapper*, 286 U.S. 145, 160–161, 52 S.Ct. 571, 576, 76 L.Ed. 1026, 1035–1036 [1931]; *McLean v. Mundy*, 81 So.2d 501, 503 [Fla.1955]; *Martensen v. Schutte Lumber Co.*, 236 Mo.App. 1084, 162 S.W.2d 312, 316–317 [1942].

10. *Cummings v. Board of Education of Oklahoma City*, supra note 8.

11. 85 O.S.1971 § 11.

12. *Ellis & Lewis v. Hohimer*, 151 Okl. 114, 2 P.2d 943, 944 [1931].

13. Similarly, under the loaned-servant doctrine, either the general (lending) master or the special (borrowing) master, or both, could be looked to by the worker for payment of compensation. *O'Baugh v. Drilling Well Control, Inc.*, Okl., 609 P.2d 355, 359 [1980]; *Ishmael v. Henderson*, Okl., 286 P.2d 265, 267–268 [1955]. The choice, again, is that of the injured worker.

14. Implicit in recent case law, *Pryse Monument Co. v. District Court of Kay County*, Okl., 595 P.2d 435 [1979], is the principle that *vis-a-vis* an uninsured employer the same limitations govern, both under the Workers' Compensation Law and in common law negligence, as they do with respect to an insured employer. *Lane*, supra note 5, is hence no longer in harmony with later decisional law. This is so because under *Lane* the immediate employer's uninsured status alone affords a basis for extending the time bar.

the act of naming the immediate employer as party-respondent on the claim form—be that person insured or not—will not by itself hale the statutory employer into court.[15] The liability of an independent contractor *qua* uninsured immediate employer is not automatically imputable to his hirer, the principal employer. The right to invoke that liability for vindication of a claim must originate with the injured worker in whose favor it runs.

■ As we can no longer follow *Lane*, we now pronounce that a timely-filed compensation claim will operate to commence a proceeding against *any* party-respondent shown on the claim form by a name or designation that sufficiently identifies that entity for delivery of notice either to it or to its insurance carrier.

■ Applying this test to the case at bar, we conclude that the principal employer's designation on the tribunal-prescribed form failed to identify that employer sufficiently to effect delivery of notice to the *right* party or to its insurance carrier.[16] No claim was hence commenced against that party-respondent until after the limitations period had run.[17]

■ The claimants in these cases rely on the open-ended rule of *Lane*. That rule was effective at the time of the accident when the rights of the parties attached. It must be allowed to govern these proceedings. We therefore sustain the awards made by the en banc panel. Our departure from the rule in *Lane*—pronounced in this opinion—shall operate prospectively[18] and apply only to those claims which may arise

from accidental injuries occurring after the effective date of this opinion.[19]

Certiorari is granted, the trial tribunal's awards are sustained and the Court of Appeals' opinion is withdrawn from publication.

IRWIN, C. J., BARNES, V. C. J., and HODGES and LAVENDER, JJ., concur.

WILLIAMS, SIMMS, DOOLIN and HARGRAVE, JJ., dissent.

SIMMS, Justice, dissenting:

I concur in the result of this opinion as to these claimants, but must dissent to the majority's "withdrawing" *Lane*[1] and changing the rule for others who will find themselves in the same situation as these claimants.

The limitation provision of 85 O.S.1971, § 43, in question, reads as follows:

"The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury or death, a claim for compensation thereunder shall be filed with the Commission."

Unlike the majority, I find no language there which supports the notion that a claim filed with the Commission must name everyone who is, or may be, liable for compensation and that the statute will bar a claim against one not so named.

To the contrary, I believe the Court of Appeals correctly analyzed the statute and its proper application as follows:

"In plain language, the statute specifies that it is the filing of a claim—not the naming of respondents—that tolls the

---

15. We are not dealing here with a pure form of joint liability. There, service on a co-obligor will arrest the limitations period as against defendants who have not been served. See 12 O.S.1971 § 97; *Kerns v. Renshaw*, 162 Okl. 272, 20 P.2d 177, 178 [1933].

16. Had this been a case where the wrong defendant was named but the right one was given notice, the situation would be similar to that in *Cartwright v. Atlas Chemical Industries, Inc.*, Okl., 623 P.2d 606 [1981]. That situation is not before us and we need not reach it here.

17. 85 O.S.Supp. 1978 §§ 3.4 and 43; Rule 13, Workers' Compensation Court, State of Oklahoma, 85 O.S.Supp. 1978, Ch. 4 App.

18. *Bomford v. Socony Mobil Oil Co.*, Okl., 440 P.2d 713, 720–721 [1968]; *American First Title & Trust Company v. Ewing*, Okl., 403 P.2d 488, 496 [1965]; *Poafpybitty v. Skelly Oil Company*, Okl., 394 P.2d 515, 520 [1964].

19. The effective date of this opinion is the date of its promulgation but if rehearing should be sought, then the date rehearing is denied.

1. Okl., 451 P.2d 947 (1969).

limitation period. A more restrictive construction would run counter to the presumed intent of the legislature—that the provisions of the Act are meant to be beneficial, not detrimental, to workers who are injured or killed. *AMF Tubescope Co. v. Hatchel, Okl., 547 P.3d 374 (1976).* An employee should not be required at his peril to devine secret or esoteric deals made by his immediate employer with others or to determine whether all those for whom he works have fulfilled their legal obligations to him under the Act. It was the duty of Wilsey to compel Hughes' compliance with the Act. It did not do so and it cannot now avoid the statutory penalty for its dereliction by means of a strained construction of the limitation statute." *51 OBJ 2426, 2428 (Oct.1980).*

We have consistently held that no particular form of pleading is required before the Commission to give it jurisdiction to hear and determine a "claim for compensation", and that anything filed in the Commission which challenges its attention and causes it to act is sufficient to put in motion the process of the Commission to see that compensation is paid to injured employees. See, e.g., *Higgenbotham v. Oklahoma Portland Cement Co., 155 Okl. 264, 9 P.2d 15 (1932); Apple v. State Insurance Fund, Okl., 540 P.2d 545 (1975).*

The forms (3 and 3A) furnished workers and their representatives for stating their claims for compensation for injury or death contain no inquiry about a statutory employer and no space is provided for including such information.

Here, the claimants filed "claims for compensation" under the Act within one year, naming and giving notice to their employer.

The provisions of 85 O.S.1971, § 11, are designed to protect these claimants and others in similar situations. There is no requirement that statutory employers be named at the outset. In fact, the prescribed procedure contemplates that the immediate employer's noncompliance with the Act may not be discovered until after the proceeding has begun.

Section 11 provides:

"2. The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims *may* be presented against all such persons in one proceeding. *If it appears in such proceeding that the principal employer has failed to require a compliance* with the Workmen's Compensation Law of this State, by his or their independent contractor, *then such employee may proceed against such principal employer* without regard to liability of any independent, intermediate or other contractor . . ." (emphasis added)

Our decision in *Lane* is consistent with the purpose of the Act and faithful to the explicit provisions of § 11. The syllabus by the Court in *Lane* provides:

"Where an independent, intermediate or subcontractor under the provisions of the Oklahoma Workmen's Compensation Act fails to provide workmen's compensation insurance coverage for his employees as required by the Oklahoma Workmen's Compensation Act, thereby casting a direct liability upon the principal contractor or party having the work done for the payment of compensation benefits arising out of injury or death of employees of such independent, intermediate or subcontractors the provisions of the one year statute of limitations, 85 O.S.1961, § 43, are tolled until the discovery of such lack of insurance by the injured employee."

I would not overrule or "withdraw" *Lane.*

The Court of Appeals decision is correct and I would deny Certiorari.

I am authorized to state that Justice DOOLIN and Justice HARGRAVE join with me in the views expressed in the above opinion.