TAYLOR, P.J., and REIF, J., concur.

**Taylor BANKS, Petitioner,**

v.

**TEXHOMA TEMPORARY SERVICES, INC.; The Workers' Compensation Court; and Sunbelt Mechanical, Inc., non-party, Respondents.**

**No. 86900.**

Court of Appeals of Oklahoma,
Division No. 3.

June 4, 1996.

Certiorari Denied Sept. 13, 1996.

---

Michael R. Green, Tulsa, for Petitioner.

James K. Secrest, II, and Stuart C. Sullivan, Secrest, Hill & Folluo, Tulsa, for Respondents, Sunbelt Mechanical, Inc.

## OPINION

BUETTNER, Judge:

Petitioner Taylor Banks (Banks) seeks review of a decision of the Workers' Compensation Court which denied Banks' motion to add Respondent Sunbelt Mechanical, Inc. (Sunbelt) to his workers' compensation claim. The facts, for purposes of this proceeding, are not in dispute. Banks was injured on the job March 30, 1993. At the time, he was working for Respondent Texhoma Temporary Services, Inc. (Texhoma Temp), which was providing temporary labor to Sunbelt.

Banks filed his Form 3 with the Oklahoma Workers' Compensation Court on April 8, 1993, and also with the Workers' Compensation Court of the Kiowa Tribe. The Kiowa Workers' Compensation Court awarded Banks permanent partial disability on December 5, 1994. Texhoma Temp's insurer, Native Indian Alliance Insurance Company, Inc., began paying the award, but then defaulted, ostensibly as a result of a cease and desist order obtained by the Oklahoma Insurance Commissioner. Texhoma Temp then made payments on the award from April through August, 1995, at which time Texhoma Temp filed for bankruptcy. Banks then filed a motion September 12, 1995 in the Oklahoma Workers' Compensation Court seeking to add Sunbelt as a respondent.

The trial judge denied Banks' motion on the basis of *Wilsey, Bennett Co. v. Grant*, 632 P.2d 382 (Okla.1981). Banks acknowledges that *Wilsey, Bennett* is the controlling authority and requests that it be overruled.

In *Wilsey, Bennett*, the claimant sought to add a secondarily liable employer after the one year statute of limitations had expired. The Oklahoma Supreme Court held that the statute of limitations will protect a secondarily liable employer who is not adequately named as a respondent in the claim. The Supreme Court held that whenever more than one employer may be held liable for the same injuries sustained by a worker, the worker must name each employer as a respondent in order to satisfy the statute of limitations as to that employer.

■ This has been the law in Oklahoma since 1981. Banks seeks a change in the law because in his case, the insurance company originally liable to pay the award has defaulted, and the principal employer has declared bankruptcy. However, this is the type of situation against which the statute of limitations is designed to protect. Sunbelt did not have notice nor did it participate in the original proceedings. It is now three years post-accident. Under Banks' theory, it could even be years later when a triggering event occurs that might induce a worker to initially file a claim against the secondarily liable employer. The statute of limitations is a definite term. It makes no sense to extend it indefinitely to await the performance of one judgment debt-

or. Under *Wilsey, Bennett,* Banks had the option to name Sunbelt as a respondent within the statutory time period, but did not.

█ Banks also argues that Sunbelt is in the nature of a guarantor, citing *Lum v. Lee Way Motor Freight, Inc.,* 757 P.2d 810 (Okla. 1987) and *Pepsico., Inc. v. Sharp,* 781 P.2d 814 (Okla.1989). In both cases, the parent company, PepsiCo, had filed a guaranty with the Workers' Compensation Court of its wholly owned subsidiary's, LeeWay, workers' compensation obligations. PepsiCo was obligated to step into the shoes of Lee Way when Lee Way defaulted in its obligations to pay workers' compensation benefits and awards. The Supreme Court was careful to distinguish such an arrangement from a multiple employer case. In this case, Sunbelt is a separate and distinct corporation from Texhoma Temp. While Sunbelt may have been secondarily liable to Banks for workers' compensation benefits, it had no contractual or legal obligations to pay the debts of Texhoma Temp.

We find that *Wilsey, Bennett* controls the decision in this case. The trial court was correct and its order is sustained.

SUSTAINED.

HANSEN, P.J., and ADAMS, V.C.J., concur.