**MARYLAND CASUALTY COMPANY and Green Spray Market, Petitioners,**

v.

**Cager E. HANKINS and the Honorable Yvonne Sparger, Judge of the State Industrial Court, Respondents.**

**No. 46967.**

Supreme Court of Oklahoma.

Feb. 18, 1975.

Rex. D. Brooks, Oklahoma City, Wheeler, Parsons, Boone & Carpenter, Oklahoma City, for petitioners.

Buck Cartwright, Wewoka, for respondent.

LAVENDER, Justice:

Petitioners, hereafter respondents, seek review of an order awarding claimant statutory compensation for hernia received during covered employment, and further temporary total compensation and medical expenses required by reason of recurrent hernia.

· Claim for compensation, filed January 24, 1973, alleged occurrence of accidental injury on March 20, 1972, resulting in right inguinal hernia during covered employment with respondents.

Respondents answered by general denial, and specifically denied notice of injury, occurrence of accidental injury during employment, request for medical treatment, or engagement in hazardous employment within meaning of the Act, 85 O.S.1971 § 1 et seq., at time of injury.

At the first hearing (April 10, 1973), respondents stipulated a compensation insurance policy had been issued upon Green Spray Market, and that claimant was an employee. Respondents reasserted defensive matters alleged, and affirmatively denied notice of injury.

Respondents stipulated to issuance of policy, but denied claimant was covered, or that employment was hazardous. Upon inquiry by the court, respondents stated the affirmative defense relied upon was lack of notice.

The evidence showed claimant was employed as manager of Green Spray Market, an enterprise owned by Mrs. Morgan, although his duties required that he act in any needed capacity. On the day of injury the refrigeration system in the meat department failed. Claimant located a replacement unit which was loaded into the employer's automobile and taken back to the market. While unloading the unit, claimant was struck by pain in the right inguinal area, radiating into the right side. Claimant returned his employer's automobile, told her of the occurrence, and was advised to see a doctor.

Claimant unsuccessfully sought to see a physician that day. The following day claimant was examined by Dr. G., who found claimant had suffered a hernia, which should be repaired as soon as claimant could get ready·and hospital arrangements could be made. Both the employer and the insurer's local agent were informed of this, and the agent told claimant to go ahead, as there was insurance coverage. Surgery was performed July 24, 1972, expenses for this medical treatment being defrayed by claimant.

The evidence also disclosed the employer was ill and confined to her home when claimant was injured. The employer died in April 1972. The Green Spray Market was sold in May, and claimant did not resume work under Paul McCoy, the new owner.

The evidence also showed a workmen's compensation liability policy had been issued to Mrs. Morgan, d/b/a Green Spray Market, providing coverage from June 1, 1971, to June 1, 1972. Respondents introduced into evidence a change of endorsement, under which this coverage applied to the new owner (McCoy) as of May 25,

1972. Payroll reports after that date did not, of course, include claimant's name and earnings.

In this connection, however, a licensed public accountant who handled all accounting records for the market for ten years prior to change in ownership testified. This witness furnished payroll information to the insurer for its use in calculating premiums. From personal knowledge obtained in furnishing these reports, this witness testified claimant was employed until the business was sold. In this connection, it is noted the insurer introduced no records or payroll statements to contravene this evidence.

After hearing, the trial court entered an order awarding statutory compensation for hernia and ordering claimant held harmless for medical expense connected with treatment. Because of medical evidence showing recurrence of hernia, respondents were ordered to provide additional surgery, and to pay additional 14 weeks temporary total compensation following date claimant presented himself to undergo necessary treatment.

■ Respondents present six propositions as grounds for vacating the order review. Disposition of these arguments is encompassed within the matters discussed hereafter. Principal complaint insists the employer, deceased prior to filing of this claim, was an artificial entity incapable of being sued in a civil action, other than in a proceeding against the deceased's personal representative. And, under our decisions, an insurer is entitled to assert defenses available to an employer, and cannot be held liable where the employer is not liable. See United States F. & G. v. Theus, Okl., 493 P.2d 433 (1972). Thus, for failure to join the employer as respondent, as a prerequisite to State Industrial Court jurisdiction to adjudicate the claim, no award could be made against the employer and none can be made or enforced against the insurer.

■ This argument is premised upon an effort to equate claim for compensation (for accidental injury) as being of the same nature as an action for negligent injury, which may be asserted against the tort feasor or a personal representative. The argument fails to recognize the expressed purpose of the Workmen's Compensation Law (85 O.S.1971 § 1 et seq.). The act abrogated the common law right of action, for injury to an employee in a hazardous occupation, and substituted a statutory, exclusive remedy. Malone v. United Zinc & Smelting Corp., 175 Okl. 643, 54 P.2d 360 (1936). An employee's right to assert this exclusive remedy against the employer accrues, as an incident of employment, at the time of injury. By statute and practice the employer and insurance carrier are one and the same as in respect to liability involved. Thus, notice of injury, either to the employer or the insurer, constitutes notice to the other and invests State Industrial Court with exclusive jurisdiction to hear and determine rights and responsibilities of the parties. United States F. & G. Co. v. Theus, supra.

■ Upon injury an employee is relegated to the relief afforded by the Act. The relief claimant seeks is against the employer. Defenses available to the employer, under the Act become available to the insurer. Failure to implead a deceased employer's personal representative is not a defense available to the insurer under the Act, and does not result in failure of State Industrial Court jurisdiction to adjudicate the claim.

The matters mentioned obviate need for discussion of the effect of respondents' entry of appearance by filing answer, or failure to comply with State Industrial Court Rule 10.

■ Respondents urge they are not estopped to deny responsibility in this case since a retail store is not enumerated as hazardous employment under the Act, supra. This contention does not merit extended discussion, or that the numerous decisions cited be reviewed or distinguished. The decisive principle was stated in Mills v. R. T. "Bob" Nelson's Painting Service,

Okl., 421 P.2d 849 (1966), wherein Syllabus 2 states:

"The effect of the 'Estoppel Act,' 85 O.S.1961 Secs. 65.2 and 65.3 is to prohibit interposition by an employer of the defense that the employment of a claimant was nonhazardous if the remuneration paid claimant is scheduled, considered or used in determining the amount of premium paid for the workmen's compensation insurance."

Further effort to avoid application of this principle rests upon argument claimant's wages were not scheduled for computation of premiums, and State Industrial Court had no jurisdiction to reform this policy to provide coverage. Fireman's Fund Insurance Company v. Overton, Okl., 491 P.2d 278 (1971). This contention is without merit.

■ Respondents' answer admitted issuance of a policy providing compensation coverage for employees of the store. At the initial hearing, it was stipulated claimant was an employee of the store. Uncontroverted testimony of the accountant showed claimant's wages were reported to respondents for calculation of premiums for compensation coverage under the policy issued June 1, 1971, and in effect on date of claimant's injury. If this evidence was untrue, respondents possessed means to contravene this testimony by introducing payroll records which would have disclosed those employees reported for coverage under the policy. The trial court correctly determined a valid policy providing compensation coverage for claimant was in force on the date of accidental injury. Mills, supra.

■ A further contention asserts error of the court in excusing failure to give statutory written notice, 85 O.S.1971 § 24.

Respondents assert the claim was barred for failure to give written notice, since there was no competent evidence to show respondent was not prejudiced by this failure. The purpose of the requirement for written notice needs no restatement. Where there is knowledge of circumstances which reasonably may be imputed to the employer, or insurer, sufficient to afford opportunity to exercise rights extended under the statute, § 24, no prejudice results from failure of written notice. Capitol Steel & Iron Co. v. Austin, Okl., 519 P.2d 1364 (1974). Evidence from which the trial court found respondents were not prejudiced has been noted. The evidence was sufficient to authorize the finding that employer was not prejudiced by failure to receive written notice.

■ Respondents also contend the court erred in awarding claimant payment for medical expenses incurred as result of the first hernia. The complaint is the claimant did not request treatment. Undisputed evidence established immediate notice of accidental injury both to the employer and to respondents' agent. More than three months elapsed before claimant underwent surgery. An employee is not required to request medical treatment if the employer, or insurer, knows of this need and fails or refuses to provide medical treatment. Douglas Aircraft Co. v. Titsworth, Okl., 356 P.2d 365 (1960); Mattingly v. State Industrial Court, Okl., 382 P.2d 125 (1963).

Award sustained.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

IRWIN, J., concurs in part and dissents in part.