PEPSICO, INC., Petitioner,

v.

Clinton SHARP, and The Workers' Compensation Court, Claimant–Respondent.

and

Clinton SHARP, Claimant–Petitioner,

v.

PEPSICO, INC., and The Workers' Compensation Court, Respondent.

Nos. 71575, 71618.

Supreme Court of Oklahoma.

July 18, 1989.

Rehearing Denied Sept. 20, 1989 in No. 71575.

Ben A. Goff, P.C., and Frank E. Walta, McKinney Stringer & Webster (Charles C. Green, of counsel), Oklahoma City, Schiff Hardin & Waite (Roger Pascal, Joseph R. Lundy, and Ann Rae Heitland, of counsel), Chicago, Ill., for petitioner.

Grennan & Faulkner by Jim Grennan, Oklahoma City (Marcia Davis, E.W. Keller, Thomas Woody, of counsel), Oklahoma City, for claimant.

HODGES, Justice.

This proceeding reviews an order of the Workers' Compensation Court en banc which affirmed the trial tribunal's order certifying Clinton Sharp's (claimant) claim against his employer, Lee Way Motor Freight, Inc. (Lee Way), and added Pepsi-Co, Inc. (PepsiCo), as guarantor for payment of benefits following Lee Way's default. In addition, claimant seeks review of a corrected order denying his request for attorney fees based on the "frivolity" of PepsiCo's proceeding before the Workers' Compensation Court en banc. The two proceedings are consolidated for the purpose of written opinion only.

Six issues are presented: (1) Does Pepsi-Co's guaranty of Lee Way's workers' compensation liabilities make it a co-obligor for claims which arose during Lee Way's own-risk employer period but were not awarded until after PepsiCo's revocation of the agreement? (2) Did PepsiCo receive proper notice in this action so as to satisfy due process requirements and invoke the juris-

diction of the Workers' Compensation Court? (3) Did the Workers' Compensation Court en banc have authority to add Pepsi-Co as a party respondent? (4) Was claimant's action brought within the time allowed by the applicable statute of limitations? (5) Is the proper date for accrual of statutorily imposed interest on a workers' compensation claim the date of the compensation award rather than the date a guarantor's liability is invoked? (6) Did the Workers' Compensation Court en banc correctly refuse to grant claimant's request for attorney fees based on the "frivolity" of PepsiCo's appeal? We answer all these questions in the affirmative and sustain both the order and the corrected order of the Workers' Compensation Court en banc.

To understand the context of the issues in this appeal, certain background facts must be appreciated. Lee Way became a wholly-owned subsidiary of PepsiCo on August 18, 1976, and began operating as an own-risk employer.[1] In early June, 1984, PepsiCo announced it had entered an agreement to sell Lee Way to Commercial Lovelace Motor Freight, Inc. (C & L). On June 8, 1984, the Administrator of the Workers' Compensation Court informed Lee Way that, to continue its status as an own-risk employer, PepsiCo had thirty days to state in writing that it would be "fully responsible for any liabilities that Lee Way may incur under the Workers' Compensation Act."[2] When no guaranty agreement was tendered, the court administrator revoked Lee Way's own-risk permit on July 9, 1984. PepsiCo then submitted its agreement on July 27, 1984, which guaranteed Lee Way's workers' compensation liabilities and induced the administrator to withdraw the revocation of Lee Way's own-risk per-

mit. Lee Way was sold to C & L on August 6, 1984, and PepsiCo revoked its guaranty on August 29th.

After its sale, Lee Way ceased operations on November 17, 1984. Lee Way was then merged with C & L on February 27, 1985, to form Lee Way Holding Company. This corporate successor to Lee Way filed for chapter 11 bankruptcy reorganization on March 7, 1985.

At about the time Lee Way ceased operations, it also ceased payment of workers' compensation benefits to injured employees. Workers began seeking enforcement of these benefits against PepsiCo as guarantor of Lee Way's workers' compensation liabilities. Proceedings before the Workers' Compensation Court en banc, challenging trial tribunal decisions construing the guaranty, were stayed until the scope of PepsiCo's guaranty was determined in *Lum v. Lee Way Motor Freight, Inc.*, 757 P.2d 810 (Okla.1987).

In the present proceeding, Sharp's claim arose from a work-related back injury sustained on December 21, 1983, while he was employed by Lee Way. He began receiving benefits from Lee Way on January 2, 1984, and filed a claim for compensation on the first day of March, 1984. On November 16, 1984, claimant filed a form 9 Motion to Set for Hearing seeking to certify, for enforcement in district court, unpaid benefits against Lee Way as employer and against PepsiCo as guarantor. A hearing was originally set for January 22, 1985, but postponed in order to give PepsiCo notice.

At the February 25, 1985, hearing Pepsi-Co appeared represented by the same attorney who was representing Lee Way. The

---

**1.** An employer becomes an own-risk carrier by furnishing proof to the Administrator of the Workers' Compensation Court of the employer's ability to pay compensation. Okla.Stat. tit. 85, § 61(d) (1981 & Supp.1987).

**2.** The requirement of full responsibility comes from the following rule:

Any subdivision or subsidiary of any employer, which has already been authorized by the court to self-insure, may likewise be separately authorized to self-insure PROVIDED that the subdivision or subsidiary independently meets all of the above qualifications.

If the subdivision or subsidiary does not independently meet these qualifications, it may be separately authorized to self-insure PROVIDED that the parent or principal employer guarantees in writing that it will be fully responsible for any liabilities that its subdivision or subsidiary may incur under the Workers' Compensation Act.

Okla.Stat. tit. 85, chap. 4, app., Rule 35 (1981). This rule now appears as Rule 2 of the Rules of the Administrator of the Workers' Compensation Court.

parties agreed by stipulation to claimant's injury, the applicable rates, and that benefits were owing from December 9, 1984. As the trial tribunal observed at the hearing, "the only real issue in this case is should this Order be written against Lee Way or against Lee Way and PepsiCo." The tribunal's order of March 26, 1985, was written only .against Lee Way.

Lee Way filed a Notice of Appeal with the Workers' Compensation Court en banc claiming the trial tribunal's order was contrary to law and contrary to the evidence. All proceedings were then stayed until this Court's decision in *Lum* was handed down on November 10, 1987. One week later, PepsiCo filed its "answer" naming itself as a "respondent". Rehearing of the *Lum* decision was denied on June 21, 1988. The next day, claimant filed his motion to set the cause for hearing before the Workers' Compensation Court en banc and to include PepsiCo as guarantor in a certification order.

After a hearing on July 29, 1988, the Workers' Compensation Court en banc issued an order on August 2, 1988, adding PepsiCo as a party respondent guarantor based on the *Lum* decision. PepsiCo was also held responsible for interest from the date of the award against Lee Way. On August 5, 1988, a corrected order refused to grant claimant's attorney fees based on the "frivolity" of PepsiCo's appeal. The order and corrected order are the subjects of this proceeding.

## I.

 PepsiCo urges error in the court en banc's holding that, based on the *Lum* decision, PepsiCo's guaranty of Lee Way's workers' compensation liabilities makes it a co-obligor for claims arising during Lee Way's own-risk permit but not awarded until after PepsiCo's revocation of the agreement. We hold that the general principles of law stated in *Lum* govern the enforceability of PepsiCo's guaranty and that the Workers' Compensation Court properly held PepsiCo responsible for payment of those awards.

The *Lum* decision held that PepsiCo's guaranty was given to satisfy Lee Way's statutory liability for workers' compensation awards by stepping into the shoes of its subsidiary. 757 P.2d at 817. *Lum* observed that "[o]ne who chooses to stand as a guarantor of an obligation defined by law *may not be allowed to guarantee less than the full extent of the statutorily-imposed liability." Id.* at 816. PepsiCo was held to have "assume[d] the continuing obligation to pay awards granted during the life of [Lee Way's own-risk] permit." *Id.* at 819. This construction of the guaranty provided protection to workers "equivalent to that afforded employees covered by workers' compensation insurance issued by independent insurance carriers." [3]

PepsiCo now argues that *Lum* required payment only of awards *granted* during the life of Lee Way's own risk permit, not claims based on injuries during that period which were not adjudicated until after PepsiCo revoked its guaranty. This assertion clearly conflicts with *Lum's* holding that PepsiCo stepped into Lee Way's shoes and assumed its subsidiary's own-risk obligations.

PepsiCo has misinterpreted *Lum's* observation that "[t]here is no dispute that the PepsiCo guaranty was continuing and capable of being revoked by the guarantor so that claims arising after its revocation would not be within its terms." *Id.* at 815. The passage does not support PepsiCo's argument that claims *adjudicated* after it revoked its guaranty are not within the scope of that agreement. A workers' compensation claim arises at the time of injury, not when the claim is actually litigated. *See Maryland Casualty Co. v. Hankins,* 532 P.2d 426, 429 (Okla.1975). PepsiCo's obligations under its statutory undertaking of liability included the payment of awards

3. *Id.* The *Lum* holding was recently reaffirmed in *Lee Way Motor Freight, Inc. v. Welch,* 764 P.2d 191 (Okla.1988). *Welch* also gave retrospective effect to PepsiCo's guaranty, making it responsible for awards granted during Lee Way's own-risk permit, including awards for injuries sustained before the guaranty agreement was submitted to the Workers' Compensation Court.

for injuries that occurred during Lee Way's own-risk permit but were not adjudicated until after PepsiCo revoked its guaranty.

## II.

PepsiCo maintains it never received proper notice and service of process in this action resulting in a denial of due process and a lack of jurisdiction by the Workers' Compensation Court. It is not notice of the certification hearing that PepsiCo challenges; it was given notice of that hearing and appeared to argue it lacked responsibility for claimant's award despite its guaranty. Rather, PepsiCo believes it was entitled to receive either a form 3 notice of claim, as was sent to Lee Way, or a summons and petition stating a claim *against PepsiCo* for workers' compensation benefits.

▮ The version of Workers' Compensation Court Rule 13 in effect at the time required that when a claim was filed, a notice of claim "shall be mailed by the Court to the employer and the insurance carrier." [4] PepsiCo does not dispute the fact that Lee Way received a notice of Sharp's claim. Instead, PepsiCo cites *Lum* to assert it was entitled to the same notice as Lee Way in whose shoes it stands.

PepsiCo, however, was neither Sharp's employer nor an insurance carrier. It guaranteed the workers' compensation liabilities of its wholly owned subsidiary so that Lee Way could remain an own-risk employer. Rule 13 was inapplicable to PepsiCo as guarantor.[5]

▮ In the alternative, PepsiCo argues that it did not receive proper notice and service of process under the Oklahoma Code of Civil Procedure, Okla.Stat. tit. 12 (1981). Again, it is not notice of the certification hearing that PepsiCo challenges. It is its absence from the proceeding against Lee Way that PepsiCo charges was improper. *Wilsey, Bennett Co. v. Grant*, 632 P.2d 382 (Okla.1981), is cited in support of this proposition.

*Grant* held a workers' compensation claim was ineffective against a party so deficiently named on the claim form as to prevent the trial court staff from sending notice to the correct entity. The decision reversed the Court of Appeals' holding that the timely filing of a claim against the deficiently named uninsured immediate employer tolled the statute of limitations period as to both the immediate employer and the statutory employer who was secondarily liable. The misnamed party and the proper party were not subsidiaries or alteregos of the other. *Grant* rejected the notion that the parties stood identified by operation of law and were automatically joined as litigants though not timely identified on the face of the worker's claim.

The instant facts present a very different situation in which the only entity initially liable was Lee Way, Sharp's own-risk employer. PepsiCo is a guarantor, not an employer. It became immediately liable under the guaranty only when Lee Way failed to pay Sharp's workers' compensation award.[6]

Pepsico was not entitled to notice until its liability was triggered by Lee Way's default. Notice of the certification hearing was provided to PepsiCo by certified mail.[7] Because PepsiCo was given notice of the hearing and an opportunity to be heard, due process requirements were satisfied

---

**4.** Okla.Stat. tit. 85, chap. 4, app., Rule 13 (1981). The rule was amended, effective June 1, 1987, to require notice to "the employer *or* the insurance carrier."

**5.** Even if Rule 13 applied to PepsiCo, the rule was satisfied by notice to Lee Way, a subsidiary wholly owned by PepsiCo. This conclusion is consistent with the holding that notice to an employer of a workers' compensation claim is notice to an employer's insurance carrier. *Hankins,* 532 P.2d at 429.

**6.** Guaranty law provides that "[a] guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal, and without demand or notice." Okla.Stat. tit. 15, § 332 (1981).

**7.** Although not the basis for determination of this issue, it should be noted that PepsiCo appeared at the hearing after filing its "answer" in which it called itself "respondent." At the hearing, PepsiCo's counsel stated he represented both Lee Way and PepsiCo and that PepsiCo had been served.

and the jurisdiction of the Workers' Compensation Court was properly invoked. *See Cate v. Archon Oil Co., Inc.*, 695 P.2d 1352, 1356 (Okla.1985).

### III.

█ PepsiCo next maintains that the en banc panel of the Workers' Compensation Court lacked authority to include PepsiCo as guarantor in the certification order after the trial tribunal refused to do so. Specifically, PepsiCo maintains the panel usurped the role of the trial tribunal by adding PepsiCo as a party respondent guarantor.

The issue of PepsiCo's inclusion in a certification order was addressed in *Lum*, 757 P.2d 810, and *Welch*, 764 P.2d 191. In both cases, as in the instant case, PepsiCo's guaranty was held to include the claimants' awards. As *Lum* explained, "[t]he Workers' Compensation Court has the power and the duty to determine which entity must bear the responsibility for payment of its awards." 757 P.2d at 820 n. 35. *Lum* held it was error for the Workers' Compensation Court *not* to include PepsiCo in its certification order. *Welch* reaffirmed that decision by holding that the Workers' Compensation Court did not err in adding PepsiCo "as an additional party codebtor" in its certification order. 764 P.2d at 196.

PepsiCo argues that its inclusion in a certification order must occur at the trial level because the en banc panel is an appellate court. However, in *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okla. 1984), it was noted that workers' compensation en banc review provides an intra-court review scheme. This scheme "was intended not to afford two layers of appellate process ... but rather to implement a two-tier decisional system *within* the trial tribunal with but a single appellate remedy in this court (or now in the Court of Appeals)." *Id.* at 551 (footnotes omitted). The en banc panel could have directed the trial tribunal to include PepsiCo in the certification order or add PepsiCo at the en banc level as it chose to do.

### IV.

█ In an argument related to the notice and service of process issue, PepsiCo asserts the injured worker failed to file a claim against *PepsiCo* within the one-year limitation period in effect at that time.[8] PepsiCo cites *Grant's* observation that "[t]he statute [of limitations] makes *no* distinction between those who bear primary liability and those who may be held secondarily liable." 632 P.2d at 384–85. This observation, however, refers to liability among employers.

Again, PepsiCo has failed to appreciate its status as guarantor rather than employer. At the time Sharp filed a claim against Lee Way, PepsiCo was not yet responsible for payment of compensation. It was not until Lee Way's default that the guarantor's liability was triggered.

Sharp filed his claim against Lee Way within the limitation period. His claim was adjudicated and an award was entered against Lee Way. PepsiCo's liability was invoked pursuant to its guaranty agreement only because Lee Way failed to pay the award. The statute of limitations was satisfied by Sharp's timely claim against Lee Way.

### V.

█ The next issue concerns the proper date from which statutorily imposed interest should be assessed. PepsiCo urges the statutory interest should run only from August 2, 1988, the date its liability under the guaranty was invoked and it was included in the en banc panel's order. Claimant argues interest should run from March 26, 1985, the date of Sharp's award against Lee Way.

As noted in the *Lum* decision, PepsiCo guaranteed *"the full extent of the statutorily imposed liability."* 757 P.2d at 816. The Workers' Compensation Act provides:

Any *compensation awarded* and all payments thereof directed to be made by

---

8. *See* Okla.Stat. tit. 85, § 43 (1981). The statute was amended and now provides a two-year limitation period.

order of the Court shall bear interest at the rate of eighteen percent (18%) per year from the *date ordered paid by the Court* until the date of satisfaction. Okla.Stat. tit. 85, § 42 (Supp.1984) (emphasis added). The compensation ordered paid by the court was the award against Lee Way on March 26, 1985. Because the award was unenforceable against bankrupt Lee Way, PepsiCo stepped into Lee Way's shoes and assumed the obligation to pay the award including the statutory interest that has accrued since March 26, 1985.

## VI.

■ Claimant has sought review of the en banc panel's refusal to grant him attorney fees based on the "frivolity" of Pepsi-Co's proceeding before the Workers' Compensation Court. Claimant also urges a sanction and penalty of 10% of PepsiCo's net worth.

The Workers' Compensation Act provides for payment of a claimant's legal services from the compensation award. However, the Act also provides:

> If the Court before which any proceedings for compensation or concerning an award of compensation have been brought under the Workers' Compensation Act, determines that such proceedings have not been brought on a reasonable ground, ... the Court shall assess the total cost of the proceedings on the party who has brought them....

Okla.Stat. tit. 85, § 30 (1981).

Although PepsiCo did not prevail, it cannot be said that the proceedings before the en banc panel were not brought on a reasonable ground. The panel correctly denied claimant's request for attorney fees.

**ORDER AND CORRECTED ORDER OF APPELLATE PANEL SUSTAINED.**

HARGRAVE, C.J., and LAVENDER, SIMMS, DOOLIN and SUMMERS, JJ., concur.

OPALA, V.C.J., and ALMA WILSON, J., concur in part and dissent in part.

KAUGER, J., recused.

OPALA, V.C.J., concurring in part and dissenting in part.

I would allow the victorious claimant a counsel-fee award for appeal-related services. 20 O.S.Supp.1982 § 15.1.