PEPSICO, INC., Petitioner,

v.

Melvin BURDEN, and The Workers'
Compensation Court,
Claimant–Respondent.

No. 73368.

Supreme Court of Oklahoma.

Oct. 3, 1989.

As Amended on Denial of Rehearing
Feb. 21, 1990.

Oldfield & Coker by John S. Oldfield, Jr. and Michael G. Coker, Oklahoma City (Schiff, Hardin & Waite by Roger Pascal and Cynthia N. Sarno, of counsel, Chicago, Ill.), for petitioner PepsiCo, Inc.

Keller, Fernald & Keller by E.W. Keller, Oklahoma City, for claimant-respondent Melvin Burden.

HODGES, Justice.

PepsiCo, Inc. (PepsiCo) seeks review of an order of the Workers' Compensation Court en banc which sustained the trial tribunal's award of benefits to Melvin Burden (claimant) against PepsiCo as guarantor of the workers' compensation liabilities of claimant's now bankrupt employer, Lee Way Motor Freight, Inc. (Lee Way). In addition, claimant seeks the assessment of attorney fees against PepsiCo.

Six issues are presented: (1) Does Pepsi-Co's guaranty of Lee Way's workers' compensation liabilities make it a co-obligor for claims which arose during Lee Way's own-risk employer period but were not awarded until after PepsiCo's revocation of the agreement? (2) Was claimant's action barred by the applicable statute of limitations? (3) Does the automatic stay in Lee Way's bankruptcy prevent claimant from proceeding against PepsiCo as guarantor? (4) Has claimant impaired PepsiCo's subrogation rights against Lee Way, thus discharging PepsiCo from its obligations under the guaranty? (5) Does the statutorily imposed interest on a workers' compensation award accrue from the date the trial tribunal granted compensation rather than the date the appellate panel sustained the award? (6) Should claimant's request for attorney fees be denied? We answer in the affirmative as to questions one, five and six, and in the negative as to questions three and four. The case must be remanded for additional findings to determine question two.

Melvin Burden's claim for workers' compensation benefits was based on hearing loss sustained during the twelve years he drove trucks for Lee Way. His employment with Lee Way ended on July 16, 1984. Although claimant first became aware of his hearing loss in the early 1980's, no workers' compenation claim was made until a form 3 notice of injury was filed on June 2, 1986. It was not until August, 1988, that claimant consulted a physician concerning the extent and cause of his hearing loss.

On December 19, 1988, the trial tribunal found that claimant's 10.8% binaural hearing loss was caused by "repeated trauma to his ears from continued exposure to loud noise over a prolonged period." Permanent partial disability benefits were awarded against Lee Way as employer and against PepsiCo as guarantor. The appellate panel sustained the trial tribunal's order and assessed the statutory interest on the award. PepsiCo appealed.

## I.

This appeal, as many others presently before this Court, resulted from litigation of PepsiCo's liability as guarantor of workers' compensation awards against Lee Way, formerly PepsiCo's wholly-owned own-risk subsidiary. *See, e.g., PepsiCo, Inc. v. Sharp,* 781 P.2d 814 (Okla.1989); *Lee Way Freight, Inc. v. Welch,* 764 P.2d 191 (Okla.1988); *Lum v. Lee Way Motor Freight, Inc.,* 757 P.2d 810 (Okla.1987). The recent decision in *Sharp* held that PepsiCo's guaranty of workers' compensation awards against Lee Way includes claims arising before the guaranty was executed but not adjudicated until after PepsiCo revoked the agreement. 781 P.2d at 817–18. *Sharp* applies with equal force to this award and PepsiCo's secondary liability has properly been invoked.

## II.

The Workers' Compensation Court's decision in this matter occurred before the recent refinement of the test for commencement of the statute of limitations in cumulative injury/hearing loss cases. *Coy v. Dover Corp.*, 773 P.2d 745 (Okla. 1989), held:

> The statute of limitations begins to run against a claim for compensation for cumulative injuries resulting in hearing loss when the prospective claimant is possessed of facts which would make a reasonably prudent person similarly situated and of like educational background: (1) aware that he or she has an injury, and (2) aware that the injury is causally related to the working environment.

*Id.* at 747. A claimant does not have to receive expert advice concerning the cause of the hearing loss before the statute of limitations begins to run. *Id.* (disapproving the result reached in *Buntin v. Sheffield Steel*, 707 P.2d 557 (Okla.App.1985)).

Because *Coy* was decided after the decision of the Workers' Compensation Court in this matter, no such determination was made. Therefore, the case is remanded to the Workers' Compensation Court for application of *Coy's* reasonably prudent person test.

At the time of claimant's last exposure to noise in his employment at Lee Way, July 16, 1984, a one year statute of limitations was in effect. Okla.Stat. tit. 85, § 43 (1981). However, if the claim remained inchoate for lack of awareness under the *Coy* test until at least November 1, 1985, the amended two year statute took effect giving claimant until November 1, 1987 to file his claim. *See B.F. Goodrich Co. v. Williams*, 755 P.2d 676 (Okla.1988). *See also* Okla.Stat. tit. 85, § 43 (Supp.1985).

## III.

As a defense to payment of claimant's award, PepsiCo urges the automatic stay in Lee Way's bankruptcy somehow prevents claimant from proceeding against PepsiCo as guarantor. PepsiCo cites *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446 (3d Cir.1982), and *In re Manring Auto Sales, Inc.*, 19 B.R. 128 (Bankr.N.D.Fla. 1981). However, both cases address the effect of the stay on actions maintained against the debtor, not the guarantor of a debtor's liabilities.

PepsiCo also cites *Culie v. Arnett*, 765 P.2d 1203 (Okla.1988). That decision is equally unavailing because it involved an attempt to garnish a bankrupt employer's liability insurance carrier to satisfy a judgment against an employee who negligently caused a collision while driving the employer's vehicle. *Culie* held that the judgment standing alone did not establish the employer's liability thus triggering the insurer's indemnity obligation. *Id.* at 1205. "The issue whether [employee] was acting within the scope of his employment at the time of the collision ha[d] yet to be judicially determined in a manner that would bind the insurer." *Id.* at 1207. In contrast, the basis for PepsiCo's liability in the instant action is its guaranty rather than a relationship yet to be judicially determined.

The Bankruptcy Judge for the United States Bankruptcy Court, Southern District of Ohio, Eastern Division, recognized that the stay was inapplicable to claimants' workers' compensation actions when he responded to motions on behalf of claimants to lift the stay. Judge Pettigrew's order noted:

> With respect to the requests to modify the stay to pursue claims against the private insurance companies insuring the debtor against workers' compensation claims, or any third party risk guarantor of such claims, the Court finds that the automatic stay under 11 U.S.C. § 362 does not stay actions against such entities in the first instance, and therefore the relief requested is unnecessary and no ruling shall be made thereon.

*In re Lee Way Holding Co.*, No. 2–85–00661 (Bankr.S.D. Ohio July 20, 1985) (order denying lift of automatic stay). The

automatic stay prevents enforcement of awards against the debtor, Lee Way, not against PepsiCo, the parent corporation which guaranteed the workers' compensation liabilities of its wholly-owned subsidiary.

The potential bankruptcy of an employer is one of the primary reasons for requiring a parent company to guarantee the workers' compensation liabilities of its financially unstable own-risk subsidiary. The effect of such a requirement "is to provide a protective measure similar to that required of independent insurance carriers." *Lum,* 757 P.2d at 819. Section 64(c) of the Workers' Compensation Act requires that insurance policies "shall contain a provision to the effect that the insolvency or bankruptcy of the employer shall not relieve the insurance carrier from the payment of compensation...." Own-risk guarantors are also not relieved from liability by the bankruptcy of the employer. A guarantor may not escape liability for awards unpaid due to the bankruptcy of claimants' employer.

### IV.

■ PepsiCo next argues it is discharged from its obligations under its guaranty because claimant has impaired PepsiCo's subrogation rights against Lee Way by not filing a creditor's claim in the bankruptcy proceeding. In other words, because claimant did not file a proof of claim against Lee Way in bankruptcy court, PepsiCo believes it will be unable to recover from Lee Way for PepsiCo's payment of claimant's workers' compensation award. PepsiCo's argument is simply incorrect.

The Bankruptcy Code permits a creditor to file a proof of claim. 11 U.S.C. § 501(a) (1988). "If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor ... may file a proof of such claim." *Id.* at § 501(b). PepsiCo admits it has filed its own proof of claim in the Lee Way bankruptcy proceeding. Its proof of claim includes workers' compensation awards it

guaranteed for Lee Way. Thus, PepsiCo's rights against Lee Way have not been impaired.

PepsiCo's citation of section 502(e) of the Bankruptcy Code is unavailing. Section 502(e)(1) provides that any claim for reimbursement from a debtor in bankruptcy by one liable with the debtor will be disallowed to the extent the creditor's claim against the debtor's estate is disallowed. *See* 3 *Collier on Bankruptcy* ¶ 502.05 (15th ed. 1979 & Supp.1989) (explanation of the operation of section 502(e)). Claimant, however, was not barred from asserting his claim against Lee Way. Instead, he chose to pursue a solvent guarantor rather than the bankrupt employer. Section 502(e)(1) does not disallow PepsiCo's claim for reimbursement from Lee Way.

### V.

■ PepsiCo maintains that the statutory interest on claimant's award under section 42 of the Workers' Compensation Act should accrue from the date of the appellate panel's order rather than the date the trial tribunal awarded compensation. *Sharp* held that interest on a workers' compensation award accrues from the date compensation is awarded and that the interest is to be assessed against the guarantor of that award. 781 P.2d at 819–20. That holding also applies to this action.

■ An entity responsible for the payment of a workers' compensation award may not toll the accrual of interest by appealing the award of compensation. Interest on Burden's award will accrue from the date of the trial tribunal's order until it is paid.

### VI.

■ Finally, claimant has requested the assessment of additional attorney fees against PepsiCo pursuant to section 30 of the Workers' Compensation Act. Neither the trial tribunal's order nor the order of the appellate panel address a request for

**1230**

attorney fees. However, a request for section 30 attorney fees appears in claimant's brief to the appellate panel. Thus, it appears that claimant's request was denied. His request to this Court is also denied for reasons stated in *Sharp,* id. at 820.

The Workers' Compensation Court properly ruled as to the scope of PepsiCo's guaranty, the inapplicability of the automatic stay in Lee Way's bankruptcy proceeding, the lack of impairment of PepsiCo's subrogation rights, the accrual of interest, and the denial of additional attorney fees. The proceeding must be remanded, however, for additional findings concerning claimant's awareness under the *Coy* test to determine when the statute of limitations began to run.

ORDER OF APPELLATE PANEL SUSTAINED IN PART AND PROCEEDING REMANDED FOR ADDITIONAL FINDINGS.

HARGRAVE, C.J., and LAVENDER, SIMMS, DOOLIN, ALMA WILSON and SUMMERS, JJ., concur.

OPALA, V.C.J., concurs in parts I, II, III, IV, V, and dissents from Part VI.

KAUGER, J., recused.