**PEPSICO, INC., Petitioner,**

v.

**Charles H. ALLEN, Respondent.**

**No. 73455.**

Supreme Court of Oklahoma.

Sept. 18, 1990.

patient, which is that skill and care ordinarily used by careful and skillful orthopedic specialists."

## ORDER

Petitioner requests rehearing of this court's Summary Disposition of April 5, 1990, on the above styled case in that Respondent's claim was facially defective having been filed outside the time allowed and is therefore barred by the statute of limitations. In its Summary Disposition this court stated that *PepsiCo v. Sharp*, 781 P.2d 814 (Okl.1989), was dispositive of the issue presented in the present case. However, in *Sharp*, "[t]he statute of limitations was satisfied by Sharp's timely claim against Lee Way," and therefore, likewise against PepsiCo. *Sharp*, 781 P.2d at 819. In the present case, Allen's single-event injury was not timely filed and thereby fails to meet the test articulated in *Sharp*. Petitioner's request for rehearing is therefore granted.

■ The facts are not disputed. Claimant fell and injured his hand while working

10. *Thomas v. Gilliam*, 774 P.2d 462, 464 (Okla. 1989).

for Lee Way Motor Freight on May 1, 1984. However, he did not file his claim until February 12, 1986. Petitioner asserted that the claim was barred by the one year statute of limitation which was then in effect. Allen argues that the statute of limitations was tolled by his employer providing him with medical care according to *Moore v. Tom Morris Enterprises*, 547 P.2d 966 (Okl.1976). The *Moore* opinion however, stated that voluntary furnishing of medical treatment by an employer will toll the running of the statute only during the time the treatment was furnished. *Id.* at 969. Allen was released from medical treatment on September 25, 1984, which would have extended his time to file a claim to September 25, 1985, yet he did not file until the following February.

Allen further contends that the statute was tolled because his employer did not advise him of his right to file a claim as per 85 O.S. 1981, § 8, [repealed, eff. July 18, 1985, in effect however, at the time of the injury]. The trial court record shows that Allen presented no evidence to meet that burden and the law is well settled that a claimant has the burden to adduce essential facts which would operate to arrest, suspend, toll or waive the statute of limitations, where an employer invoked the statute of limitations. *Armco v. Holcomb*, 694 P.2d 937, 939 (Okl.1985).

Both the order of summary disposition hereby challenged by Petitioner and the order by the Workers' Compensation Court are therefore vacated and the cause is remanded with directions to deny the claim.

The court's action today should not be construed as having any effect on the remaining cases listed in the Summary Disposition.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER, SIMMS and DOOLIN, JJ., concur.

ALMA WILSON and SUMMERS, JJ., dissent.

KAUGER, J., recused.