**PEPSICO, INC., Petitioner,**

v.

**Freddie ALEXANDER, Respondent.**

No. 73288.

Supreme Court of Oklahoma.

Sept. 18, 1990.

---

ORDER

Petitioner requests rehearing of this court's Summary Disposition of April 5, 1990, on the above styled case in that Respondent's claim was facially defective having been filed outside the time allowed and is therefore barred by the statute of limitations. In its Summary Disposition this court stated that *PepsiCo v. Sharp*, 781 P.2d 814 (Okl.1989), was dispositive of the issue presented in the present case. However, in *Sharp*, "[t]he statute of limitations

was satisfied by Sharp's timely claim against Lee Way," and therefore, likewise against PepsiCo. *Sharp*, 781 P.2d at 819. In the present case, Alexander's single-event injury was not timely filed and thereby fails to meet the test articulated in *Sharp*. Petitioner's request for rehearing is therefore granted.

The facts are not disputed. The Claimant slipped and fell while working for Lee Way Motor Freight, on July 5, 1984. He filed his claim on October 28, 1986. Petitioner asserted that the claim was barred by the one year statute of limitation which was then in effect. The Claimant neither pleaded nor offered any evidence to show anything which would operate to toll the running of the statute. As we held in *Armco v. Holcomb*, 694 P.2d 937, 939 (Okl. 1985), this was his burden. We are unpersuaded by Claimant's argument that Petitioner could not assert the limitations defense, although he admits Lee Way could have.

Both the order of summary disposition challenged here by Petitioner and the order by the Workers' Compensation Court are therefore vacated and the cause is remanded with directions to deny the claim.

The court's action today should not be construed as having any effect on the remaining cases listed in the Summary Disposition.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER, SIMMS and DOOLIN, JJ., concur.

ALMA WILSON and SUMMERS, JJ., dissent.

KAUGER, J., recused.