**PEPSICO, INC., Petitioner,**

v.

**Alvin Roy LYONS, and The Workers' Compensation Court, Respondents.**

No. 72898.

Supreme Court of Oklahoma.

Nov. 27, 1990.

Michael Glen Coker, Oklahoma City, for petitioner.

Walter Bower, Oklahoma City, for respondents.

## MEMORANDUM OPINION

DOOLIN, Justice.

Petitioner, PepsiCo, seeks rehearing of our Order of Summary Disposition dated April 5, 1990, which disposed of a hundred-plus workers' compensation cases. The Order found that the decision of the Court in *PepsiCo, Inc. v. Sharp*, 781 P.2d 814 (Okl. 1989) and *PepsiCo, Inc. v. Burden*, 786 P.2d 1226 (Okl.1989), were dispositive of all issues in those cases.

While this is correct as to most matters presented, there is an unique problem here as to the statute of limitations defense raised by employer Lee Way Motor Freight during the trial of claimant Lyons' claim. Here, the undisputed evidence shows the following:

Claimant was first injured on November 17, 1982, when he tripped while on the job and rammed his head into a concrete wall. The evidence is contradictory as to whether claimant notified employer about this accident.

Thereafter claimant experienced continuing and growing pains in his lower back, which he attributed to the accident, and which culminated in disabling pain during a certain truck driving trip to Denver on August 6, 1983. Claimant was flown home and shortly thereafter underwent spinal surgery to treat two herniated disks. Employer did not pay for any medical treat-

ment, but on August 16, 1983, employer did file its Form 2, Employer's First Notice of Injury, which showed the date of the reported injury to be August 6, 1983.

On March 15, 1984, claimant quit Lee Way and filed his Form 3, alleging a date of injury of August 6, 1983. Subsequently, on January 17, 1989, an amended Form 3 was filed which said, under date of injury, "11/18/82 and cumulative aggravation until 8/6/83, with last exposure on 3/14/84."

Lee Way set up as a defense that it had no notice of the 1982 accident and that the statute of limitation had run on any claim for injury sustained in that accident.

The trial court conducted a hearing and received evidence and on March 6, 1989, issued its Order which awarded compensation to claimant. Employer appealed on several and various grounds, most of which were resolved by our rulings in *Sharp* and *Burden, supra.* Unresolved by those decisions was employer's argument that this claim was time-barred. Employer asserts that since the accident actually occurred on November 18, 1982, the filing of claimant's Form 3 on March 14, 1984, was barred by the one-year statute of limitation contained in 85 O.S.1981, § 43. Claimant counters by pointing out that the filing of the Form 2 by employer tolled the statute.

■ We agree with claimant that the statute of limitation then in effect was tolled by the employer's filing of the Form 2 on August 16, 1983. *Knott v. Halliburton Services*, 752 P.2d 812, 813 (Okl.1988) and *Bennett v. Scrivner, Inc.*, 694 P.2d 932 (Okl.1985). We cannot agree, however, with the wording of the trial court's order.

■ Because the statute of limitation was tolled, claimant's Form 3, Employee's First Notice of Injury, was timely to invest the Workers' Compensation Court with jurisdiction to adjudicate an award of compensation for the injuries received on November 18, 1982. Confusion was injected into the proceedings by claimant's initial assertion that he was injured on August 6, 1983, "while driving truck with defective seat

and inadequate suspension." Not until January 17, 1989, did claimant file his Amended Form 3 which stated the true date and nature of the accident which caused his injuries. Unfortunately, instead of relying on the tolling of the statute of limitation, claimant coined the phrase "cumulative aggravation" in an apparent effort to create a "new" accidental injury which occurred within one year of the filing of his initial Form 3.

This novel, and unnecessary, language pervaded the proceedings in the trial court, and eventually found its way into the Order itself when the court found that:

... On November 18, 1982, with *continuing aggravation* ending on March 15, 1984, claimant sustained accidental personal injury to the HEAD, LOW BACK AND LEFT LEG arising out of and in the course of employment. [emphasis added].

The trial court further made a finding that the claim was not barred by the statute of limitation.

These two provisions of the Order, taken together and in light of the wording of Claimant's Form 3, created the impression that the trial court had based its decision as to the statute of limitation not on the tolling effect of the Form 2, but rather on the doctrine of "continuing aggravation". We cannot permit any misconception on this point to persist.

The order of the trial court is in error insofar as it states or implies that claimant's claim was timely filed for any reason other than the reason that the statute of limitation, in effect at the time, was tolled by the filing of employer's Form 2. The injury suffered by the claimant here was a single-event injury which occurred on November 18, 1982, and the statute of limitation began to run on that date, as per 85 O.S.1981, § 43.[1]

Whether there was "continuing aggravation" of claimant's injury is a consideration which was and should have been taken into account by the examining physicians in de-

1. We note that the 1985 amendment to 85 O.S. § 43 specifically states that the filing of any

form or report by the employer will not toll the running of the statute of limitation.

termining the degree of claimant's impairment, but "continuing aggravation" cannot be considered in determining the date of claimant's injury. To decide otherwise would produce the practical result that no claim for injury would ever be time-barred so long as the claimant continued to suffer any ill-effects of that injury. Clearly the drafters of 85 O.S.1981, § 43, intended no such result.

Based on the foregoing, we find the claim herein was timely filed because of the tolling effect of the employer's Form 2. The findings and rulings of the trial court in all other respects are supported by competent evidence and will not be disturbed on appeal. *Parks v. Norman Municipal Hospital*, 684 P.2d 548, 552 (Okl.1984).

The order of the trial court is AFFIRMED as modified.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER, SIMMS and ALMA WILSON, JJ., concur.

SUMMERS, J., concurs in result.

KAUGER, J., recused.