**PEPSICO, INC., Petitioner,**

v.

**Fred PIERCE, Respondent.**

**No. 74756.**

Supreme Court of Oklahoma.

Dec. 4, 1990.

---

MEMORANDUM OPINION

HODGES, Justice.

Petitioner, PepsiCo, challenges an order of the Workers' Compensation Court certifying an award for enforcement in the district court. The order held that PepsiCo was liable as guarantor of the workers' compensation liabilities of Lee Way Motor Freight, claimant's now defunct employer.

Three issues are raised. All three issues were expressly or impliedly decided by the decisions in *PepsiCo, Inc. v. Sharp*, 781 P.2d 814 (Okla.1989), and *PepsiCo, Inc. v. Burden*, 786 P.2d 1226 (Okla.1989).

PepsiCo first challenges its inclusion as guarantor in the certification order. This argument was resolved against PepsiCo in *Sharp, Burden*, and numerous other PepsiCo appeals. The same result applies with equal force to this award and PepsiCo's secondary liability has properly been invoked.

■ The second issue challenges the award of additional attorney fees against PepsiCo. However, unlike other PepsiCo cases, these fees were not claimant's; they were those of unpaid health care providers who sought payment in the Workers' Compensation Court. The trial tribunal awarded $375. to each provider.

This issue was also resolved by *Sharp*, 781 P.2d at 820. There, as here, it cannot be said that the award of attorney fees was authorized under section 30 of the Workers' Compensation Act. The award of attorney fees to the health care providers must therefore be vacated.

■ Finally, PepsiCo argues that the trial tribunal should not have awarded the statutory 15% penalty for wrongful termination of temporary benefits. *See* Okla. Stat. tit. 85, chap. 4, app., Rule 15. PepsiCo argues that it was Lee Way who stopped paying the benefits and that it is therefore improper to enforce that penalty against PepsiCo as guarantor. This argument is basically the same one utilized to attempt to escape liability for the statutory 18% interest fee assessed in numerous PepsiCo cases. That argument was rejected in *Sharp*, 781 P.2d at 819–20, and is also rejected here. When PepsiCo, as guarantor, stepped into Lee Way's shoes upon default, its obligations included the duty to pay all workers' compensation liabilities including any statutory penalties.

The order of the Workers' Compensation Court is hereby sustained except as to the award of attorney fees to health care providers. The case is remanded to the Workers' Compensation Court with directions to vacate that portion of its order.

HARGRAVE, C.J., and LAVENDER, DOOLIN, ALMA WILSON and SUMMERS, JJ., concur.

SIMMS, J., concurs in result.

OPALA, V.C.J., concurs in part, dissents in part.

KAUGER, J., recused.

OPALA, Vice Chief Justice, concurring in part, dissenting in part:

I would allow the victorious claimant a counsel-fee award for appeal-related services. 20 O.S.Supp.1982 § 15.1. *See Pepsi-Co, Inc. v. Sharp*, Okl., 781 P.2d 814, 820 [1989] (Opala, V.C.J., concurring in part, dissenting in part).