PEPSICO, INC., Petitioner,

v.

Robert Glen **BRAGG**, Respondent.

No. 72525.

Supreme Court of Oklahoma.

July 2, 1991.

Rehearing Denied March 4, 1992.

Ben A. Goff, P.C. by Frank E. Walta Oklahoma City, for petitioner PepsiCo, Inc.

(Schiff, Hardin & Waite by Joseph R. Lundy and Cynthia Sarno, Chicago, Ill., of counsel).

Keller, Fernald & Keller by E.W. Keller, Oklahoma City, for respondent Robert Glen Bragg.

HODGES, Vice Chief Justice.

The facts in this workers' compensation case are not disputed. On November 14, 1984, Robert Glen Bragg (claimant) was awarded permanent partial disability benefits to compensate for injuries he received in an accident while driving a truck for his employer, Lee Way Motor Freight. The award was sustained by the appellate panel on March 25, 1985. Lee Way failed to pay any of the award and is now defunct.

On January 11, 1989, the Workers' Compensation Court certified the award, for enforcement in the district court, against PepsiCo, Inc., as guarantor of Lee Way's workers' compensation liabilities. PepsiCo now challenges the certification order.

PepsiCo has raised several issues which were resolved during the pendency of this appeal by *PepsiCo, Inc. v. Sharp*, 781 P.2d 814 (Okla.1989), and *PepsiCo, Inc. v. Burden*, 786 P.2d 1226 (Okla.1989). One unresolved issue remains.

PepsiCo argues that it should have been allowed to inquire whether the claimant had made settlements with any third party for any claims arising out of the accident for which he received workers' compensation. *See* Okla.Stat. tit. 85, § 44 (Supp. 1986) ("the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case"). Thus, PepsiCo invokes the employer's right to know of third party settlements to guard against double recovery. Claimant responds stating that such an inquiry could have been made by Lee Way at the time of the award. Further, claimant argues that PepsiCo's attempt to obtain the information at the time the award was being certified for enforcement against PepsiCo is a collateral attack on the award.

We agree that Lee Way could have inquired into possible settlements with third parties before the workers' compensation award. Lee Way's failure to so inquire is now binding on PepsiCo. However, we recognize the potential for settlement after the award was entered. Therefore, PepsiCo must be allowed to ask claimant whether he made settlements with or received credits from any third party, but only settlements made *after* the award was entered. The cause is remanded to the trial tribunal for such inquiry.

ORDER OF TRIAL TRIBUNAL VACATED; CAUSE REMANDED.

OPALA, C.J., LAVENDER and SUMMERS, JJ., and JONES, S.J. (in lieu of KAUGER, J. who certified her disqualification), concur.

SIMMS, DOOLIN, HARGRAVE and ALMA WILSON, JJ., dissent.